## George H. Hess

*v.*

## The People *ex rel.* H. B. Miller.

1. Judgment *for delinquent taxes — limiting time for filing objections.* The county court has the power to make a rule limiting the time for filing objections to judgment against delinquent lands for taxes, and may enforce the same by refusing to receive objections after the expiration of a reasonable time thus fixed.

2. Appeal—*from county to circuit court.* The statute allowing an appeal from the county to the circuit court, on judgments against lands for taxes, being repealed on July 1, 1875, no appeal will lie to the circuit court where final judgment is rendered after that day, although the application for judgment is made and the land owner defaulted in June, 1875.

3. Same—*none lies from an order of default.* The entry of an order defaulting a defendant is not a final judgment from which an appeal lies.

Appeal from the County Court of Cook county; the Hon. Martin R. M. Wallace, Judge, presiding.

This was an application, made to the county court of Cook county, at the June term, 1875, for judgment against delinquent lands for State and county taxes.

On the first day of the term, June 14, the court made an order, which was entered of record, requiring all persons wishing to object to judgment as applied for, to file their objections thereto, in writing, by 10 o'clock A. M. on the 21st day of the same month. Within that time, Hess (the appellant) filed no objections, but, soon after the time mentioned in the order had expired, he appeared in court, and claimed the right to interpose his written objection to the rendering of judgment against his land as delinquent. This, the county court refused to permit, and adjudged the proposed objector to be in default, and denied the motion of Hess to set aside this default.

The court, after this, continued the examination of the tax list, and further proceedings in the matter of the application for judgment, until July 1, 1875. At 10 o'clock of that day, Hess appeared again, and demanded that the default be set

aside, and that he be permitted to file written objections to the rendition of judgment, which he there presented, but the court refused to permit the same to be done.

The court thereupon proceeded with the examination of the delinquent tax list, and, while so examining the same, the appellant again offered his defense, in writing, which the court refused to consider, on account of the default before that entered, and, on the 1st day of July, formal final judgment was entered against appellant's lands for the unpaid taxes. Thereupon, appellant prayed an appeal to the circuit court, which the county court denied, and appellant excepted. He thereupon prayed an appeal to this court, which was allowed and consummated.

Mr. E. P. WEBER, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is contended that the county court had not lawful authority to limit the time for filing objections, and that any objector had the right, under the statute, to have his objections considered by the court, if presented at *any time* before final judgment. This position we think untenable. We are referred to section 191 of chapter 120, Rev. Stat. 1874, which says: " The court shall examine said list, and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of said lands, * * * to the entry of judgment against the same, the court *shall* hear and determine the matter, * * * and shall pronounce judgment as the right of the case may be."

It is insisted that the time for offering defense is absolutely fixed by the language of this statute, and that this time so fixed is, *when* the court proceeds " to examine said list." This, we think, is not the necessary construction of the words of the statute, but if it were, we should be inclined to hold that the examination " of said list " referred to is such exam-

ination as the county court is presumed to have made before entering the rule that objections should be filed within a given time. The legislature surely never intended, by this statute, to place the proceedings of the county court so completely under the control of objectors, as would necessarily be the case were the statute construed as appellant claims it should be. If the court be bound by statute to receive and consider any and every defense (specifying, in writing, the particular cause of objection) which might be offered before final judgment, great confusion might result. One objector might offer his defense on the first day of the term when application is made for judgment, and, just before the court had finished the examination of that defense, another might appear with his defense, in writing, and demand its examination, and another, and another, in turn, might come in, from time to time, and thus protract the proceedings indefinitely. We have no doubt about the power of the court to enter such a rule. We think the rule adopted was a reasonable rule, and that there was no error in the making or in the enforcement of the order.

It is insisted that the court erred in not permitting an appeal to the circuit court. It is claimed that, prior to July 1, 1875, the statute provided for appeals, in such cases, to the circuit court. It is conceded that, by the statute which came into force on that day, the statute permitting an appeal to the circuit court was repealed. Appellant contends that, inasmuch as the default, which he says was final as to his rights, was entered against him on the 21st of June, he had a right to appeal to the circuit court, under the law in force at that time. There are two reasons why this position can not be maintained. The entry of the default was not a final judgment, and from that order no appeal could be taken; and again, appellant did not pray an appeal until July 1, and at that time there was no statute in force permitting an appeal to the circuit court.

The judgment of the county court is affirmed.

*Judgment affirmed.*