(No. 39218.—

THE PEOPLE *ex rel.* JOHN L. CAIN, County Collector, Appellee, *vs.* ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed September 28, 1965.*

GRAHAM & GRAHAM, of Springfield, (E. J. WRIGHT, of counsel,) for appellant.

RAYMOND L. TERRELL, State's Attorney, and THOMAS W. HOOPES, both of Springfield, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On November 6, 1963, the county collector of Sangamon County filed his application for judgment ordering the sale of delinquent property for nonpayment of taxes for the year 1962. On the same day the court entered judgment by an order which provided that the judgment should not apply to any land or lot upon which at least 75% of all taxes had been paid under protest "and with reference to which written objections are filed herein by December 6, 1963, at 9:30 o'clock A.M." The order also provided "that any and all objections that may be filed therein shall be filed on or before the 6th day of December, A.D. 1963 at 9:30 o'clock A.M."

On December 5, 1963, the Illinois Central Railroad Company, which had paid 100 per cent of its taxes under protest prior to November 6, 1963, filed its written objections. Subsequently the collector filed a motion to strike these objections, and on December 31, 1964, the trial court found "that the objector did not file objections within the time provided by statute and that the order of the Court

extending the time for filing objections was invalid and of no legal effect and that by reason thereof the objector waived the payment under protest," and ordered the objections stricken. The revenue is involved, and the railroad has appealed directly to this court.

The question presented is whether the trial court was correct in holding that its order fixing the time for filing objections was invalid because it contravened the governing statute. That statute provides: "The person paying real estate taxes under protest shall appear in the next application for judgment and order of sale and object to the taxes in relation to which the protest is made, and upon his failure so to do, the protest shall be waived, and judgment and order of sale entered for any unpaid balance of such taxes." Ill. Rev. Stat. 1963, chap. 120, par. 675.

The statute does not say that objections must be filed on or before the date upon which the collector files his application for judgment, and the collector has suggested no reason why the words of the statute should not be given their ordinary meaning. The statement that the taxpayer is to appear and object "in the next application for judgment and order of sale" refers to an appearance and objection in the proceeding that follows the collector's application. This interpretation is consistent with the fact that the same section of the statute refers to action to be taken by the county clerk "within 30 days from the last day for filing of objections." It is also consistent with this court's determination that "the matter of permitting the filing of objections rests in the sound discretion of the court, and upon leave of court they may be filed prior to the entry of judgment." (*Nugent* v. *Toman,* 372 Ill. 170, 174; see also, *People ex rel. Bracher* v. *Millard,* 307 Ill. 556, 577.) The county court did not lack authority to fix the time within which objections were to be filed. *Hess* v. *People ex rel. Miller,* 84 Ill. 247.

The collector's contention that the order fixing the time for filing objections was void because it was entered with-

out notice to him is without merit. There is no showing that the collector and his attorney lacked notice of the order, which was entered upon the collector's application for judgment and order of sale, and was a part of that judgment and order. And it is immaterial that the record does not show that the objector moved for the entry of the order fixing the time for filing objections.

The judgment of the circuit court of Sangamon County is reversed and the cause is remanded.

*Reversed and remanded.*