**Mamie Gundersen, Plaintiff-Appellee, v. Rainbow Cleaners and Laundry, Inc., Defendant-Appellant.**

**Gen. No. 66–52M.**

Second District.

December 8, 1966.

Winston, Strawn, Smith and Patterson, of Chicago, for appellant.

Kenneth Moy, of Elmhurst, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the defendant, Rainbow Cleaners and Laundry, Inc., from the order of the magistrate court of DuPage County denying defendant's motion to vacate the default judgment entered against it.

The plaintiff, Mamie Gundersen, filed a small claims complaint for $200 to recover for cleaning lost and damaged by the defendant. The suit was filed on October 14, 1965, and the summons was served on the defendant on Saturday, October 16, 1965, commanding it to appear in court at 9:30 a. m., on Monday, October 25, 1965.

The defendant did not forward the summons to its attorneys until October 25, and the record does not reflect whether the defendant advised its attorneys of the existence of the summons prior to this date. Upon receipt of the summons, the attorneys called the clerk of the court to obtain a continuance and were advised that a default judgment, as prayed, had already been entered.

Thereafter, on the same day, defendant's attorneys called plaintiff's attorney, who agreed that no action would be taken on this judgment until the defendant had an opportunity to talk to plaintiff regarding the claim. The defendant, subsequently, had several inconclusive conversations with the plaintiff regarding the claim and, on December 8, 1965, plaintiff's attorney called defendant's attorneys and stated that he intended to enforce plaintiff's judgment. There had been no further contact between the respective attorneys since their conversation on October 25.

On December 14, 1965, defendant filed a motion asking that the default judgment be vacated. This motion was

filed more than thirty days after the entry of the default judgment and must be treated as a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 72). The magistrate denied the motion and the defendant then prosecuted this appeal.

 The plaintiff failed to file an appearance or brief before this court. Under the circumstances, we would be justified in reversing the matter without a consideration on the merits. Ogradney v. Daley, 60 Ill App2d 82, 208 NE2d 323 (1965); East Side Health Dist. v. Village of Caseyville, 38 Ill App2d 438, 442, 187 NE2d 534 (1963); Eckells v. City Council of East St. Louis, 23 Ill App2d 360, 362, 163 NE2d 107 (1960). However, the application of this rule lies within the court's discretion, and we may elect not to invoke it. Mutual Truck Parts Co., Inc. v. Nelson, 69 Ill App2d 30, 34, 216 NE2d 301 (1966).

Because of the limited amount involved, we can understand the reluctance of the plaintiff to incur the expense involved in defending the appeal. While we do not condone the plaintiff's failure to appear before this court and defend the judgment which it induced the lower court to enter and uphold, we will consider the case on the merits for the reason indicated. However, the court's discretion in this respect is not an indication that in a subsequent case, under similar circumstances, we would necessarily follow the same course of action.

Defendant's motion to vacate was neither verified nor supported by affidavit. Its basis for vacating the judgment was that the defendant had a meritorious defense. It stated no reason for the defendant's failure to promptly present the complaint served on it to its attorneys, or to appear before the magistrate to present its defense in apt time. In addition, it offered no explanation for the defendant's failure to file a motion seeking to vacate the judgment within thirty days; and it contained no hint as to the nature of the meritorious defense.

Section 72(2) of the Civil Practice Act provides in part: "The petition must be supported by affidavit or other appropriate showing as to matters not of record." Since the defendant neither filed an affidavit in support of its motion nor presented any evidence at the hearing to support its motion, its failure to sustain the motion is obvious.

A petition under section 72 is the filing of a new action and must be supported by competent evidence. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960); Wilson v. Wilson, 56 Ill App2d 187, 194, 205 NE2d 636 (1965). In order to be entitled to relief under section 72, the petitioner must allege and prove that adequate grounds for relief exist; and that it was through no fault or neglect of its own that the grounds claimed for relief were not made to appear to the trial court. Such motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. The People v. Lewis, 22 Ill2d 68, 70, 71, 174 NE2d 197 (1961); Brockmeyer v. Duncan, supra.

The purpose of the petition or motion is to bring before the court which rendered the judgment, matters of fact not appearing in the record, which if known to the court at the time the judgment was entered, would have prevented its rendition. Glenn v. The People, 9 Ill2d 335, 340, 137 NE2d 336 (1956). The solitary conclusion in defendant's petition that it had a meritorious defense is not an adequate basis for the relief it seeks.

The defendant has directed our attention to several recent decisions, including one of this court, wherein it was stated that the setting aside of a default judgment should be tested by the principle of fundamental fairness and should be an exercise of the court's discretion, wherein it seeks the prevention of injury and the furtherance of justice. We do not depart from this

272

theory. It should be noted, however, that in all of the cases cited by defendant, including Mieszkowski v. Norville, 61 Ill App2d 289, 209 NE2d 358 (1965) decided by this court, the defendant sought to set aside the particular judgment in question by motion brought within thirty days after its rendition. Under such a motion, a judgment may be set aside "upon any terms and conditions that shall be reasonable." (Ill Rev Stats 1965, c 110, par 50(6).) However, even in cases under section 50(6), as noted in Mieszkowski, the court, in exercising its discretion in determining whether a default judgment should be set aside in the furtherance of justice, must ascertain whether some reason exists for the failure to present the defense in apt time and whether some meritorious defense does exist. Mieszkowski v. Norville, supra, 298.

There were neither allegations nor proof to show any just cause why defendant did not heed the commands of the summons served on it and present its defense. Thereafter, defendant was notified of the judgment the day it was entered and, notwithstanding, took no steps to vacate it within thirty days. There is a complete absence of either pleading or evidence to explain how such action evidenced due diligence on the part of the defendant. Likewise, there is neither pleading nor evidence to indicate what, if any, meritorious defense existed.

Under such conditions, it would have been error for the court to have entered an order vacating the prior judgment. Stowell v. Satorius, 413 Ill 482, 490, 109 NE2d 734 (1953); Wilson v. Wilson, supra, 194; Larson v. City of Loves Park, 48 Ill App2d 191, 193, 198 NE2d 525 (1965). Consequently, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.