Louis Binder, as Father and Natural Guardian of Michele Binder, a Minor, and Michele Binder, Plaintiffs-Appellants, v. Robert Dunn and Louis L. Dunn, Defendants-Appellees.

Gen. No. 53,792.

First District, First Division.

February 2, 1970.

Samuel Yoelin, of Chicago, for appellant.

Tim J. Harrington, of Chicago (A. J. Petrucelli, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This action was brought by plaintiffs to recover damages from the defendants for personal injuries and property damage suffered in an automobile collision. Defendants were served with personal service and failed to appear on December 9, 1968. On plaintiffs' motion an order of default was entered on December 24, 1968, for failure to file an appearance, and judgment was en-

tered on that day in the amount of $4,807. The defendants appeared in court on January 10, 1969, pursuant to notice, and moved to vacate the default judgment and for leave to file an appearance, answer, jury demand, counterclaim or otherwise plead within ten days. On January 20, 1969, an order was entered vacating the default judgment, and defendants were given leave to file an appearance, answer, and jury demand instanter. Plaintiffs appeal from that order.

The sole issue is whether a default judgment can be vacated within thirty days of its entry upon notice of motion which was not accompanied by a sworn petition showing diligence and a meritorious defense.

The plaintiffs refer us to Gundersen v. Rainbow Cleaners & Laundry, Inc., 77 Ill App2d 268, 222 NE2d 41, and Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525. These cases involve motions made after thirty days of entry and are therefore distinguishable from the case at bar.

The Civil Practice Act, Ill Rev Stats 1967, c 110, § 50(5) provides:

> The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree *upon any terms and conditions that shall be reasonable.* (Emphasis supplied.)

The Joint Committee Comments provide an explanation of the requirements of this section:

> Subsection (5) is former subsection (7) with several modifications. The requirement of a showing of good cause by affidavit has been deleted since the 1933 act on finality of judgments . . . does not contain that requirement.

31

■ ■ The court retains the inherent power to vacate any of its judgments within thirty days upon good cause shown and upon "any terms and conditions that shall be reasonable." Trojan v. Marquette Nat. Bank, 88 Ill App2d 428, 232 NE2d 160. No affidavit or petition required. There is nothing in the record that would indicate that in vacating the default judgment the court improperly exercised its sound judgment based upon the facts in the case. A reviewing court will only interfere if this discretion has been abused. It is our opinion that in the interest of doing substantial justice the defendants should be accorded their day in court.

Having determined this appeal on the merits, we do not decide the defendant's motion to dismiss the appeal on the ground that the order appealed from is a final order. The decision of the Circuit Court, First Municipal District, is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.