(No. 43296.—
THE PEOPLE *ex rel.* Margaret R. Reid, County Collector, Appellee, *vs.* PHILLIP G. and JANICE ADKINS *et al.*— (CHICAGO and NORTH WESTERN RAILWAY COMPANY *et al.,* Appellants.)

*Opinion filed May 21, 1971.*

Underwood, C.J., and Ryan, J., dissenting.

Welsh, Welsh, Holmstrom & Hyzer, of Rockford, (Peter Alexander, of counsel,) for appellants.

John H. Maville, of Belvidere, for appellee.

Mr. Justice Davis delivered the opinion of the court:

The appellants, Chicago and North Western Railway Company and Illinois Central Railway Company, appeal to this court from the order of the circuit court denying their motions for leave to file objections to the application of the county collector of Boone County for judgment on delinquent real estate taxes for the year 1968. The case was brought directly to this court, a question of revenue being involved. 43 Ill.2d R. 302(a)(1).

The appellants paid their 1968 real estate taxes in Boone County under protest. On September 25, 1969, the Boone County Collector, referred to as the Collector, caused a notice to be published that application would be made on October 6, 1969, at 10:00 A.M., for judgment against certain listed lands for unpaid taxes, and that on October 13, 1969, at 10:00 A.M., a pubic sale would be held of all lands against which the judgment and order then had been entered. Lands owned by the appellants were included in the notice. A subsequent notice changed the date of the sale from October 13 to October 20, 1969.

The application for judgment was filed on October 6, 1969. No objections were, or had been, filed by the appellants, and the trial court immediately entered judgment

against their lands. They mailed objections, for filing, to the circuit clerk on October 13, 1969, which were received by the clerk on October 15. They were not filed because the judgment had previously been entered. Thereafter, on October 22, 1969, the appellants moved for leave to file their objections, which motions were denied. Subsequent motions to vacate the October 6, 1969 order, granting judgment, were likewise denied.

It appears that the same counsel represented the appellants in regard to tax objections in the adjoining county of Winnebago. He attempted, in September of 1969, to file tax objections in Winnebago County, and was told that the clerk's office would not accept the objections for filing until after the application for judgment had been made. The order entered in Winnebago County—a part of the same judicial circuit as Boone County—upon the application of the county collector for judgment, provided that objections to the application could be filed within a certain number of days after the filing of the application for judgment and sale. The publication notice in Boone County did not state when objections to the application could be filed, and counsel, according to the record, apparently believed, and not without some justification, that he would be afforded a number of days after the filing of the application for judgment and sale, for the filing of tax objections under the same procedure which was followed in Winnebago County—the other part of the judicial circuit.

Section 194 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 675) provides, in part: "The person paying real estate taxes under protest shall appear in the next application for judgment and order of sale and object to the taxes in relation to which the protest is made, and upon his failure so to do, the protest shall be waived, and judgment and order of sale entered for any unpaid balance of such taxes." The appellants urge that the wording of this section evidences, by the words "in the next application for judg-

ment," a legislative intent that there be a period of time *after* the filing of the application in which a party may file his objection thereto. We cannot agree that the language dictates such a legislative intent.

The appellants cite *People ex rel. Cain* v. *Illinois Central R.R. Co.,* 33 Ill.2d 240, in support of their position. *Cain,* however, holds only that the statute referred to above does not require that objections must be filed on or before the collector files his application for judgment. In *Cain,* we merely held that a court *may,* within the framework of the statute, order that objections may be filed within a certain number of days following the filing of the application and prior to the entry of the final judgment.

It could be argued that the language found in section 225 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 706), relative to the publication notice of intended application of judgment for sale, contemplates that judgment would be entered on the date the application is filed. This section states that the publication shall "also give notice that on the ———— Monday next succeeding the date of application all the lands and lots for the sale of which an order shall be made, will be exposed to public sale * * *."

We are of the opinion, however, that the appellants should have been permitted to file their objections. The application for judgment for sale serves as a complaint in such proceedings, and the judgment in question was equivalent to a default judgment, wherein the appellants failed to answer by the filing of tax objections. The appellants first sought to file their objections prior to the date set for sale of delinquent lands. There is no evidence that the county clerk, at this time, had notified the tax levying units of the tax monies that might be affected by the tax objections. (See: Ill. Rev. Stat. 1969, ch. 120, par. 675.) However, the county had received actual notice of the appellants' intent in this respect by reason of the protests accompanying the tax payments. The judgment order which had been pre-

pared for presentation to the judge excepted the lands of the appellants as lands for which objections had been filed on October 6, 1969, the date of judgment; this exception, however, was deleted prior to the entry of the judgment.

Counsel had attempted to file other objections on behalf of the appellants in the Winnebago County circuit court. There he was told that objections could not be filed until after the application for judgment had been filed. There, upon application for judgment, an order was entered allowing a certain number of days for the filing of the objections where taxes had been paid under protest.

Apparently, the appellants did not seek leave to file their objections on the theory that the court had authority to set aside a default judgment, but pursuant to the provisions of section 50(5) of the Civil Practice Act, (Ill. Rev. Stat. 1969, ch. 110, par. 50(5)), the court, in its discretion, could have done so. Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. *Trojan* v. *Marquette National Bank,* 88 Ill. App.2d 428, 437, 438; *Mieszkowski* v. *Norville,* 61 Ill. App. 2d 289, 294, 295; *Widicus* v. *Southwestern Electric Cooperative, Inc.,* 26 Ill. App. 2d 102, 108-111.

Although counsel was not correct in his assumption that the practice in the circuit court would be the same in both counties, there was some justification for making such an assumption. The publication notice, which is the equivalent to the service of process, did not indicate when the objections must be filed. While we do not find fault with the summary nature of these tax proceedings, yet at the same time, we recognize that there should be safeguards for the unwary in this procedure.

Under the circumstances of this case, no particular hardship or prejudice arises in requiring the collector to have the matter determined on the merits. We cannot say from the record that the respective appellants have a meritorious objection to the application for judgment for sale, since the objections were not allowed to be filed. However, the appellants had sufficient faith in the merit of their respective objections to cause their taxes to be paid under protest, and to retain counsel to prepare and file objections on their behalf.

Because of the posture of this case, we are of the opinion that the trial court abused its discretion in failing to set aside its order denying the appellants leave to file tax objections; and that the appellants should be permitted to file their objections, and that the ligitation should thereafter be determined on the merits.

Accordingly, the order entered November 17, 1969, denying leave to the appellants to file objections, and the order entered March 20, 1970, denying their motion to vacate the judgment entered October 6, 1969, are reversed; the judgment entered on October 6, 1969, is vacated and set aside as to the appellants only; and the cause is remanded to the trial court with directions to grant leave to the appellants to file their tax objections, and thereupon to determine the validity thereof on their merits.

*Vacated in part and
remanded, with directions.*

Mr. Chief Justice Underwood, dissenting:

Appellants' sole contention is that the October 6, 1969, order granting judgment is void since "section 675 of the Revenue Act requires that there be a period of time after the application for judgment during which those objectors who have previously paid their taxes under protest may file objections." I agree with the majority opinion that this contention is without merit and would accordingly affirm.

Having thus disposed of appellants' theory, however,

the majority presents a theory of its own and determines that the trial court abused its discretion, not by failing to provide a period of time for filing objections prior to judgment, as authorized in *People ex rel. Cain* v. *Illinois Central R.R. Co.*, 33 Ill.2d 240, but by failing to permit the filing of objections after the entry of final judgment. The reasoning leading to this determination is, in my judgment, somewhat curious. First, the majority finds that the judgment in question is equivalent to a default judgment and that the trial court could, in its discretion, set aside a default judgment pursuant to the provisions of section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(5).) Section 50(5) provides: "(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

The majority then treats appellants' motion for leave to file objections as a section 50(5) motion to set aside the judgment, although acknowledging that appellants apparently did not proceed on this theory. Next, the majority states that under section 50(5) "it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense." No cases are cited, however, for the position that it is no longer necessary that such relief be sought at all. The theory upon which appellants sought leave to file objections was almost certainly the same theory presented on appeal, *i.e.*, the trial court was required by section 194, (par. 675) to provide a period of time for filing objections prior to judgment and in the absence of such period, the judgment was void. I simply cannot agree that a trial court abuses its discretion when it fails to grant relief which was not requested on a theory which was not presented.

Even if appellants had filed a timely motion to vacate

the judgment pursuant to section 50(5), the denial of that motion would not, in my judgment, constitute an abuse of discretion under the circumstances of this case. "* * * [E]ven in cases under section 50(6) [now section 50(5)], as noted in *Mieszkowski,* the court, in exercising its discretion in determining whether a default judgment should be set aside in the furtherance of justice, must ascertain whether some reason exists for the failure to present the defense in apt time and whether some meritorious defense does exist." (*Gundersen* v. *Rainbow Cleaners and Laundry, Inc.,* 77 Ill. App. 2d 268, 273.) Appellants' reason for not filing objections in time is that they assumed, incorrectly and without investigation, that the procedure in Boone County was the same as that in Winnebago County where the objections may be filed within a certain number of days after the filing of an application for judgment and prior to the entry of judgment. The majority opinion finds that there was some justification for this assumption and expresses concern for the protection of the unwary. The appellants, however, were not unfamiliar with the practice in Boone County which apparently has always been to file tax objections prior to the application for judgment and sale. Nor are appellants unsophisticated or infrequent tax objectors. Rather, they are annual objectors who filed objections prior to the time of application for judgment for at least the four previous years. Under these circumstances, it seems to me that we are unwarranted in assuming that appellants were so misled by the different procedure for filing objections in another county that they deviated from their established practices without the slightest effort to determine if the procedure in Boone County had been changed.

Finally, on September 25, 1969, the statutorily required notice (Ill. Rev. Stat. 1969, ch. 120, par. 706) was published that application would be made on October 6, 1969, for judgment and sale against certain listed lands, and that

on October 13, 1969, a public sale would be held of all lands against which the judgment and order had been entered. Thus, even if appellants were justified in assuming that a period of time for filing objections prior to judgment would be allowed in Boone County as well as in Winnebago County, it was perfectly clear that such objections must be filed prior to the public sale on October 13. Appellants' objections were not mailed until October 13 and were not received by the circuit clerk until October 15. While the date of the sale was changed by subsequent notice to October 20, 1969, appellant's motion for leave to file objections was not filed until October· 22, 1969.

The absence of diligence on the part of appellants was, I believe, inadequately explained, and should not be excused in the name of substantial justice.

Mr. JUSTICE RYAN joins in this dissent.