*In re* APPLICATION OF EDWARD J. ROSEWELL, County Treasurer.— (EDWARD J. ROSEWELL, County Treasurer and Ex-Officio County Collector of Cook County, Applicant-Appellee, *v.* RANDOLPH-WELLS BUILDING CORPORATION, Objector-Appellant.)

First District (4th Division)   No. 78-630

Opinion filed November 15, 1979.

Thomas E. Brannigan, of Chicago (Flanagan, Bilton and Brannigan, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Melvyn A. Rieff, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Objector, Randolph-Wells Building Corporation, appeals from an order of the circuit court of Cook County dismissing its valuation objection to the application of the county treasurer and ex-officio county collector of Cook County for judgment and order of sale against real estate for taxes levied in 1975. On appeal, the objector contends (1) the trial court erred in dismissing its valuation objection for failure to pay the protested taxes prior to the time the judgment and order of sale was entered; and (2) it was an abuse of the trial court's discretion to deny it leave to file the valuation objection instanter, more than one year after the time for filing objections had expired. A question is also raised regarding the finality of the order from which the appeal is taken.

We dismiss the appeal.

For the year 1975, the assessor of Cook County assessed certain property owned by the objector at a value of $968,956, and the objector appealed to the Cook County Board of Appeals which refused to lower this assessment. After the 1975 tax bill was issued, the objector made a part payment of the tax and again appealed to the assessor to lower the assessment. At that time the assessor issued a revised tax bill and certificate of error pursuant to section 123 of the Revenue Act of 1939, as

amended (Ill. Rev. Stat. 1975, ch. 120, par. 604). Nevertheless, at the time judgment was entered on the application of the county collector for sale of the tax delinquent property, the certificate of error issued by the assessor had not been endorsed by the board of appeals nor approved by the court.

The trial court first heard the county collector's application for judgment and order of sale on November 1, 1976, after due notice had been given by publication. The application listed the objector's property, showing a 1975 tax delinquency of $80,188.73. An order was entered on that date reciting that the county collector had made a prima facie case and that any objections to the judgment and order of sale should be filed "in this Court, on or before November 12, 1976 at the hour of 10:00 o'clock A.M." On November 8, a similar order was entered again reciting the November 12, 1976, 10 a.m. deadline.

On November 12, 1976, a judgment and order of sale was entered on the county collector's application. The record indicates that the objector filed its valuation objection pursuant to sections 194 and 235 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1975, ch. 120, pars. 675 and 716), on November 12, 1976; but the court stamp does not disclose the exact time of filing.

One year later, a hearing was scheduled on the objector's valuation objection. At that time the collector moved to dismiss the objection, alleging that the objector had failed to append to its objection original or duplicate receipts showing that all taxes had been paid at the time the objection was made. The court eventually denied the collector's motion to dismiss on this basis, since a stipulation had been entered into by the collector and various objectors, including the instant objector, dispensing with the requirement that paid receipts accompany the tax objections.

However, during argument on the collector's motion to dismiss, counsel for the objector produced a duplicate 1975 receipted tax bill and a protest letter which had been filed by the objector. The tax bill showed payment of the tax on November 15, 1976, and the protest letter was stamped "November 16, 1976." Counsel for the objector attempted to reconcile the discrepancies between the November 12, 1976, filing date of the valuation objection and the dates reflected on the tax receipt and protest letter, by submitting to the court an affidavit of a law firm messenger who stated that he had paid the taxes on November 12, 1976. At the trial court's request for additional evidence, the objector produced this messenger to testify. The witness stated that he worked between the hours of 1 p.m. and 5 p.m. and that he had delivered the tax payment to the county collector's office sometime during the afternoon of November 12, 1976. He could not remember if he had submitted any other document for filing at that time.

Based on the dates stamped on the various documents and the testimony of the objector's witness, the court found that even if the evidence was viewed in a light most favorable to the objector, the earliest the tax payment could have been made was on the afternoon of November 12, 1976, after the 10 a.m. deadline. Therefore, on its own motion, the trial court dismissed the objector's valuation objection for failure to make full payment of the taxes under protest before the judgment and order of sale was entered on November 12, 1976.

The trial court entered an order on February 3, 1978, denying the objector's subsequent motion to reconsider or to permit the refiling of its tax objection instanter. After the objector filed its notice of appeal from that order, the collector moved to dismiss this appeal for lack of a final and appealable order. We took the collector's motion for consideration with the case.

Opinion

■■ In addition to exercising available administrative remedies, property taxpayers seeking relief from excessive or illegal assessments may pay the applicable taxes under protest and then file objections in answer to the county collector's application for judgment and order of sale. The objection procedure is set out in sections 194 and 235 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1975, ch. 120, pars. 675 and 716). The county collector's application for judgment and order of sale is in the nature of a complaint and, when presented to the court after the statutorily required notice has been given to the taxpayers (Ill. Rev. Stat. 1975, ch. 120, par. 711), it is ruled upon summarily. If a taxpayer wishes to avail himself of the tax objection procedure, he must appear in the application for judgment proceeding and object to the tax assessment, provided "he shall first pay all of the tax installments due, and such payment shall be accompanied by a [written protest letter]." Ill. Rev. Stat. 1975, ch. 120, par. 675.

■■ ■ When no objection is filed to the application for judgment, the taxpayer, in essence, is guilty of failing to file an answer to the county collector's complaint, and the tax judgment in such situations is equivalent to a default judgment. (See *People ex rel. Thompson v. Clark* (1975), 34 Ill. App. 3d 228, 338 N.E.2d 408.) If an objection has been filed, the court will hear and determine the matter and enter an order as prescribed by section 235, ordering a refund for taxes to which the objection has been sustained and entering judgment for the amount of taxes due.

■■ The county collector's motion to dismiss the appeal for lack of a final order raises a preliminary jurisdictional question which is dispositive of this appeal. As is apparent from the foregoing summary, a final order in a tax objection proceeding must be in compliance with section 235 and

enter judgment against the property for the amount of taxes due. We interpret section 235 to prescribe the required form of all judgment orders entered upon the application of the county collector for judgment and order of sale, both in cases where the judgment is entered by default and where the judgment is entered after an objection has been heard.

In *In re Application of County Collector* (1972), 3 Ill. App. 3d 917, 278 N.E.2d 811, the court dismissed an appeal from the trial court's order allowing the county collector's motion to dismiss the taxpayer's objection but failing to enter judgment in accordance with section 235. In determining that the order appealed from was not final, the court quoted from *People ex rel. Schlaeger v. Ridge Country Club* (1947), 397 Ill. 127, 130-31, 73 N.E.2d 432, 434, as follows:

"The statute indicates a legislative intent to prescribe successive steps to be taken to reach a final judgment. Due to the method by which objections to tax levies are permitted to be filed and the procedure to be followed, it was necessary that some such provision be made so that there would be a final, several judgment as to each tract, lot, or parcel of land for each kind of tax. The provision in the first paragraph which says the court may pronounce judgment as the right of the case might be is only one step of several in the course that leads to a judgment and order of sale. After the court has pronounced judgment as the right of the case may demand, the clerk is directed to make out and enter an order of sale for each piece or parcel of property involved. The form prescribed in the third paragraph of section 235 requires that after a recital of certain facts as to notice and other matters, the judgment shall state: 'It is considered by the court that judgment be and is hereby entered against the aforesaid tract, or tracts, or lots of land, * * * in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes, * * * interest, penalties and costs due severally thereon.' The paragraph concludes with an order directing that such property, or so much as is necessary, be sold to satisfy the amount due.

The judgment from which the appeal may be taken under section 237 * * * clearly refers to the judgment that has been entered in accord with the form prescribed in the third paragraph of section 235. *A judgment thus entered is separate as to each piece or parcel of real estate. It contains, either by direct finding or by reference, the exact amount due for which the property is to be sold. It includes an order of sale.* In short, it is the termination of the litigation and nothing remains to be done except to execute the order by selling the property, or so much thereof, as is necessary to recover the amount due. These factors are the essentials of a final

judgment and are not present in the pronouncement of judgment provided for in the first paragraph of section 235. The act, considered as a whole, appears to contemplate that there shall be a pronouncement as to the question raised by the objections which is to be followed by the entry of a judgment in substantially the form prescribed in the section." (Emphasis added.)

■■ The order appealed from in this case merely dismisses the valuation objection and denies the objector leave to file it instanter. It neither describes the property against which judgment is entered nor fixes the amount of tax due and, therefore, is not in compliance with section 235. Under the authority of the *Ridge Country Club* and *Redco* cases it is neither a final order (Ill. Rev. Stat. 1977, ch. 110A, par. 301), nor an interlocutory order appealable as of right (Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)).

The objector's attempt to distinguish the *Ridge Country Club* and *Redco* cases because they deal with tax rate rather than assessment objections is unsuccessful because the procedure set out in section 235 applies to both tax rate and assessment objection cases. We also note that other cases treating appeals from the dismissal of tax objections specify that the objections were dismissed *and* judgment entered for the full amount of the taxes due. (See, *e.g.*, *In re Application of County Treasurer* (1976), 42 Ill. App. 3d 895, 356 N.E.2d 844; *In re Application of County Treasurer* (1976), 43 Ill. App. 3d 566, 357 N.E.2d 601.) For these reasons, we conclude that the instant appeal must be dismissed.

Although unnecessary to our disposition of this appeal we believe it is appropriate to comment briefly on the issues raised by the objector. The first of these contentions is that the trial court erred in dismissing the objection because the objector failed to pay the balance of its 1975 real estate taxes under protest before 10 a.m. on November 12, 1976, the date and time set by the court as the deadline for filing objections.

■■■ The court has the authority to fix the time for the filing of objections by taxpayers paying real estate taxes under protest beyond the date on which the county collector's application for judgment and order of sale is presented. (*People ex rel. Cain v. Illinois Central R.R. Co.* (1965), 33 Ill. 2d 240, 210 N.E.2d 518.) It is within the discretion of the trial court to extend the time for filing objections prior to the entry of judgment. (See *Nugent v. Toman* (1939), 372 Ill. 170, 23 N.E.2d 43; *Burton v. Cain* (1965), 63 Ill. App. 2d 183, 211 N.E.2d 289 (abstract).) Additionally, the prepayment of taxes under protest is a mandatory requirement of the statutory objection procedure and operates to prohibit any person from offering any objection to a tax assessment without first showing that all taxes to which objection is made have been paid under protest. Thus, it has been held that payment of the balance of the tax after the

filing of an objection but before entry of judgment is insufficient to meet the prepayment requirement. *In re Application of County Treasurer* (1976), 42 Ill. App. 3d 895, 356 N.E.2d 844.

In this case, the trial court, in an exercise of its discretion, extended the time for filing objections until 10 a.m. on November 12, 1976. The objector admittedly did not pay the balance of the tax due or file the accompanying protest letter until after 10 a.m. on that date. Consequently, even if the objection was filed prior to the 10 a.m. deadline, the objector failed to meet the prepayment requirement and was not in compliance with section 194 and 235.

■■■■ Furthermore, it was not an abuse of the trial court's discretion to deny the objector leave to file the objection instanter more than one year after the judgment and order of sale had been entered. It is within the prerogative of the trial court to set the time limit for filing objections in tax proceedings. (See *People ex rel. Cain v. Illinois Central R.R. Co.* (1965), 33 Ill. 2d 240, 210 N.E.2d 518; *Hess v. People ex rel. Miller* (1876), 84 Ill. 247.) Moreover, the exercise of the discretion of the trial court to permit the filing of tax objections is limited to those instances where the objections have been filed by authority of the court prior to the entry of judgment. See *Burton v. Cain* (1965), 63 Ill. App. 2d 183, 211 N.E.2d 289 (abstract).

■■ Once judgment has been entered the trial court may, in its discretion, allow a taxpayer to vacate the default judgment within 30 days of its entry pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)), and permit the filing of objections (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841; *In re Application of County Collector* (1978), 58 Ill. App. 3d 228, 374 N.E.2d 227). Here, however, the objector's motion was made more than one year after the judgment and order of sale was entered and it did not seek to vacate a default judgment, but to file the valuation objection instanter. Considering that over a year had passed between the original November 12, 1976, deadline and the objector's motion for leave to file the objection instanter, it was not an abuse of the trial court's discretion to deny the objector's motion.

Appeal dismissed.

JIGANTI, P. J., and JOHNSON, J., concur.