In the Matter of the Application of the County Collector for Judgment of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1964 and Prior Years.
Petition of Clarence C. Short for Tax Deed.

Gen. No. 68–31.

Third District.

September 19, 1968.

Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

Crissey, Kost & Downs, of Lewistown, for appellee.

STOUDER, J.

This case involves a Petition for a Tax Deed by Clarence Short, Appellant, a purchaser of a tax certificate to the premises involved which were sold for nonpayment of taxes. The Circuit Court entered an order denying the Petition for Issuance of a Tax Deed and directing the County Clerk to refund to Clarence Short the amount of money paid for the purchase of the tax certificate. It is from this order that this appeal is taken.

Charles Kling, Appellee, of Canton, Illinois, owned certain real estate in Canton, Illinois. The 1964 real estate taxes due in 1965 on these premises were not timely

paid. The County Treasurer of Fulton County found them delinquent and ordered the premises sold for the nonpayment of taxes subject to the right of redemption. On October 11, 1965, appellant purchased the tax certificate to these premises. The original time of redemption for the owners and interested parties would, by law, have expired on the 11th day of October, 1967. On August 10, 1967, appellant filed his petition for an order directing the issuance of a tax deed.

Likewise on August 10, 1967, appellant extended the period of redemption from October 11, 1967, to and including the 2nd day of January, 1968.

On the 5th day of January, 1968, three days subsequent to the expiration of the extended period of redemption, the amount necessary to redeem the premises was paid to the County Clerk of Fulton County, Illinois.

On January, 8, 1968, a hearing date which was set on the 11th day of August, 1967, appellant presented his petition for the issuance of a tax deed. The court denied this petition and entered an order directing the County Clerk to refund to appellant the amount of money paid for the tax certificate.

The sole question presented on this appeal is whether the trial court erred in denying appellant's petition for a tax deed. The applicable statute is section 734, chapter 120, Ill Rev Stats, enacted in 1963 which provides, "Real property sold under the provisions of this Act may be redeemed at any time before the expiration of two years from date of sale by payment . . . such real property may also be redeemed after the expiration of two years from date of sale, until expiration of the extended period of redemption by payment. . . ."

The principal issue presented by this case is one of statutory construction, the appellee arguing in support of the judgment below that on the authority of People v. Altman, 9 Ill2d 277, 137 NE2d 357, redemption may be made at any time prior to the judicial determination that the

purchaser of a tax certificate has complied with all requirements of law. The Altman case was decided in 1956, at which time section 266 (the predecessor of present section 734) chapter 120, Ill Rev Stats provided, "Real property sold under the provisions of this Act may be redeemed at any time before the expiration of two years from the date of sale by payment . . . such property may also be redeemed after the expiration of two years from the date of sale, at any time up to the date a Tax Deed is issued, by payment. . . ." In Altman, redemption was attempted after the court had ordered the County Clerk to issue the tax deed but before such deed had actually been issued by the County Clerk. The court held that the judicial determination of compliance was the significant event which terminated the right of redemption under the then existing statute. The decision appears to be based largely on the recognition of two considerations. First, under prior statutory provisions the county clerk determined the matter of statutory compliance prior to the issuance of a tax deed without the intervention or aid of a prior judicial determination and hence the issuance of a tax deed under such circumstances was a significant and certain event. Second, where the statutory compliance is judicially determined, the procedure which ensures depends upon the press of business in the clerk's office and is a routine matter related to the alacrity or lack thereof of the clerk, thereby creating uncertainty without any particular significance.

Applying the usual rules of statutory construction it must be deemed that the legislature acted with due awareness both of the preexisting statutory provision and the interpretation thereof. If the legislature had intended to retain the rule in Altman it could and would have done so either by retaining the language of the statute as it then existed or by specifying the judicial determination of compliance with the statute as the event which terminated the right of redemption. This the legislature did

not choose to do. We believe that the present legislation represents an awareness by the legislature that making the termination of the right of redemption dependent upon judicial compliance with the statute still represented some uncertainty. Such uncertainty could be and in our opinion was avoided by terminating the right of redemption on a date certain. Thus, any problems or questions which might arise in connection with a judicial hearing are avoided. Accordingly we hold that any redemption attempted after the period specified in the statute or as the same may have been extended has expired, is a nullity and of no legal effect. For the foregoing reasons the judgment of the Circuit Court of Fulton County is reversed and remanded with directions to proceed in accord with the views expressed herein.

Reversed and remanded with directions.

ALLOY, P. J. and SCHEINEMAN, J., concur.