M. E. STEIN & COMPANY, INC., Petitioner-Appellant, *v.* ELOISE JONES, a/k/a ELOISE WILLIAMS, Respondent-Appellee.

(No. 53819; )

First District—June 4, 1971.

*Rehearing denied July 14, 1971.*

Blair & Buyer, of Chicago, (Allan L. Blair, of counsel,) for appellant.

Robert C. Power and J. Tobias Dixon, both of Chicago, for appellee.

Mr. JUSTICE GEORGE MORAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County denying the petition of tax purchaser-appellant, M. E. Stein & Company for the issuance of a tax deed pursuant to Sections 253(a) and 266 of the Revenue Act (Ill. Rev. Stat. 1967, ch. 120, pars. 716(a) and 747) commonly known as the Scavenger Act and permitting the tax payer-appellee, Eloise Jones Williams to redeem the premises.

Appellant purchased the subject property located at 3149 Prairie Avenue, Chicago, Illinois at a public auction on June 3, 1966, pursuant to the County Collector's application for judgment and the order of sale for properties ten years or more delinquent. On February 2, 1968, appellant filed its petition for tax deed and on July 26, 1968, it filed its application for an order directing issuance of a tax deed supported by affidavits and exhibits. On September 11, 1968, appellee filed an answer to the application for tax deed which was supplemented on September 20 by an amended answer which together alleged that she is and has been for more than thirty years the owner of the subject property, that she is able and willing to redeem the said property, that the notice of tax purchase served by appellant states that the time of redemption would expire on July 1, 1968, that on July 1, 1968, during the business hours of the office of Edward J. Barrett, County Clerk of Cook County, Illinois, appellee appeared in said office and tendered the amount of money due to redeem the property involved and that an employee of said County Clerk refused to accept said tender and informed appellee that the last day to redeem the property involved was June 30, 1968, which was a Sunday and a legal holiday and which date, June 30, 1968, was not stated in the notice as the expiration date of the period of redemption. The

answer further alleged that the notice of tax purchase was defective for failure to state the years for which the property was being sold for delinquent taxes and that the legal description stated in the notice was incomplete. Appellant's reply denied the material allegations of these answers.

After a hearing on September 20, 1968, the trial court entered the following order:

"This cause coming on to be heard on petition of M. E. Stein & Company for tax deed and upon respondent Eloise Jones a/k/a Eloise Williams' answer and amended answer thereto.

It Is Hereby Ordered that the period of redemption for Eloise Williams to redeem is hereby extended to October 8, 1968 and that the Clerk of Cook County, Edward J. Barrett, is hereby ordered and directed to issue Eloise Williams forthwith an estimate of redemption computing the interest and penalty as of July 1, 1968.

It Is Further Ordered that in the event Eloise Williams does not redeem from the within tax sale on October 8, 1968, within the normal business hours of the County Clerk, since petitioner has complied with all the requirements necessary to entitle it to a tax deed, this court shall enter an order directing the County Clerk to issue a tax deed in accordance with the petition and application therefor."

■■ Appellant first contends that the trial court had no authority to extend the period of redemption from July 1, 1968, to October 8, 1968, and to allow redemption to be made on that date with interest computed only to July 1, 1968, relying on *People v. Thain*, 392 Ill. 592; *Petition of Short*, 99 Ill.App.2d 143 and *Depuy v. Morse*, 337 Ill.App. 1, wherein it was established that courts are without power to disregard the provisions of the statutes regulating the length of the period of the right of redemption and that courts cannot apply equitable considerations to the matter of redemptions and extend the period of redemption beyond that specified in the statute.

We agree that paragraph 2 of the trial court's order could be construed as meaning to extend the period of redemption by applying equitable principles to the case and that the trial court is precluded from so doing under the above authorities. However, we cannot agree that this was the necessary effect of that paragraph. It was for the trial court, prior to the issuance of a tax deed, to determine whether the necessary requisites for a tax deed had been met. One of these requisites is that the property has not been redeemed from the tax sale within the time permitted by statute. The import of the trial court's order could be construed to

mean that the trial court believed that appellee tendered the amount required to redeem her property to the County Clerk within the two-year redemption period and that this tender was improperly refused. That portion of order directing that interest and penalty be computed only up to July 1, 1968, and not to and including October 8, 1968, the date the order was entered, could be construed to mean that the court did not extend the statutory period of redemption, but merely denied appellant's petition for a tax deed based on the court's finding that appellee had been wrongfully prevented from redeeming her property within the statutory period and permitted her to complete the redemption as of the date her original tender was improperly refused.

However, if paragraph 2 is construed to mean that the trial court believed plaintiff's testimony that she had made a *bona fide* attempt to redeem within the statutory period, then it is in apparent conflict with paragraph 3 of the order which stated that appellant had complied with all of the requirements necessary to entitle it to a tax deed.

There was evidence from which the trial court could have found that appellee had made a valid attempt to redeem prior to the expiration of the redemption period. There was also evidence from which the trial court could have concluded that she did not. This was a question of fact for the trial court to decide. *John Allan Co. v. Harvey,* 131 Ill.App.2d 626, 267 N.E.2d 533.

■■ Here we have a judgment that we can neither affirm nor reverse because it is ambiguous. For the foregoing reasons, this cause is remanded to the Circuit Court of Cook County with directions to deny appellant's application for a tax deed if it finds that appellee made a *bona fide* attempt to redeem prior to the expiration of the redemption period, and to grant the application if it finds she did not.

Reversed and remanded with directions.

JONES and EBERSPACHER, JJ., concur.