Warren K. Wilner, Appellee, v. Myrtle M. Reynolds, Appellant.

Gen. No. 43,818.

Opinion filed November 18, 1946. Rehearing denied December 4, 1946. Released for publication December 4, 1946.

JOSEPH B. EAST, of Chicago, for appellant.

E. W. CLARK and CHANNING L. SENTZ, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from an order of the superior court overruling defendant's motion to strike the complaint and entering judgment against defendant for failure to file an answer, defendant having elected to stand by her motion to strike.

Defendant was the owner of the fee in certain real estate, against which a tax foreclosure suit was filed for general taxes for the years 1930 to 1940 inclusive. A decree of foreclosure was entered in said suit, and the real estate was struck off and sold to plaintiff for the sum of $800, to whom a certificate of sale issued. During the time plaintiff held the certificate of sale, he redeemed from tax forfeitures for the years 1941 and 1942 and paid the taxes levied against such property for the years 1943 and 1944, all in the total amount of $1,113.52.

On August 29, 1945, defendant redeemed her property from the tax foreclosure sale by paying to the county clerk of Cook county the amount of the sale plus interest and costs. The taxes subsequent to the tax foreclosure sale, paid by plaintiff, were not included in the amount required by the county clerk of the defendant to redeem. No receipts held by plaintiff for the taxes paid by him subsequent to the certificate of sale were filed or recorded with the county clerk.

On December 7, 1945, plaintiff filed this complaint, asking for a judgment against defendant for the amount referred to, with interest and costs, and also that an equitable lien against the real estate for said amount be decreed.

The only question involved in this appeal is whether plaintiff may recover from defendant for the taxes paid by plaintiff subsequent to the issuance of the certificate of sale held by him. Defendant's contention is that plaintiff had no such right of action, since he failed to comply with the statute.

Section 27a of the Judgments, Decrees and Executions Act (Ill. Rev. Stat. 1945, ch. 77, par. 28 [Jones Ill. Stats. Ann. 107.179]) reads:

"Whenever any real estate is sold under any judgment or decree of any court, *the holder of the certificate of such sale shall have the right to pay all taxes and assessments which are or may become a lien on such real estate during the time of redemption* running on such sale, and whenever redemption is made from such sale the party or parties entitled to redeem shall pay the holder of such certificate of sale, or to the sheriff, master in chancery or other officer who sold the same, or his successor in office, in addition to the amount due on such certificate, the amount paid by the holder thereof for such taxes and assessments, together with interest thereon at the rate of six per centum per annum if before such redemption is made a receipt or receipts for such taxes or assessments shall be filed with the sheriff, master in chancery or other officer who made such sale or exhibited by the holder of such certificate in case redemption is made directly to the holder of such certificate." (Italics ours.)

The right of plaintiff to pay the taxes upon the real estate in question subsequent to the issuance of the certificate of sale is regulated by the statute above quoted. Were the plaintiff a stranger to the real estate in question and not a holder of a certificate of sale, the law is clear he would not be entitled to sue the owner of the fee for the taxes voluntarily paid by him. *Petty v. Beers,* 127 Ill. App. 593, aff'd 224 Ill. 129. *St. Louis, J. & C. R. Co. v. Mathers,* 104 Ill. 257, at p. 261.

The right to redeem from a tax foreclosure sale is governed by the provisions of section 253 of the Revenue Act (Ill. Rev. Stat. 1945, ch. 120, par. 734 [Jones Ill. Stats. Ann. 119.750]). The pertinent portion of said section reads as follows:

"  .  .  .  The person redeeming shall also pay the amount of all taxes and special assessments accruing after such sale with seven (7) per cent penalty thereon, for each year or portion thereof intervening between the time of the payment of the subsequent tax or special assessment and the time of redemption, in all cases where the purchaser at the tax sale, or his assignee, shall pay such subsequent tax or special assessment; also, all fees for registering tax certificates in compliance with 'An Act concerning land titles,' approved May 1, 1897, and it is hereby made the duty of the county clerk to include in the certificate of redemption the amount of the subsequent taxes or special assessments paid by the purchaser or holder of the tax certificate: *Provided, however, that the county clerk shall not be required to include any subsequent taxes or special assessments in his certificate of redemption, nor shall the payment thereof be a charge upon the land sold for taxes, unless the purchaser, assignee, or holder of the tax certificate of sale shall have filed with the county clerk, before redemption, an official, original or duplicate tax collector's receipt for the payment of such subsequent taxes or special assessments, and it shall be the duty of the tax collector to furnish such duplicate receipts.  .  .  .*"  (Italics ours.)

One of the essential requirements of this statute is the filing of the receipts for the taxes paid for the subsequent years with the county clerk. The complaint in this case fails to allege such compliance with the statute and therefore failed to state a cause of action entitling the plaintiff to recover the amount in question. The motion to strike set up these specific objections to the complaint.

We think *Garden City Sand Co. v. Christley,* 289 Ill. 617, clearly supports the position taken by defendant. It was there said:

"Section 27a of chapter 77, before the amendment of 1917, provided the method to be followed if the holder

of a certificate of sale under execution or decree desired to be reimbursed for the payment of taxes and expenses. That section required that receipts for such expenditures should be filed with the sheriff, master in chancery or other officer who made the sale. This was in order that the redeeming creditor might know the condition of the property. This was not done. The sale of property under decree or execution or judgment is a matter provided for by statute, as is the redemption thereunder by the judgment creditor. It is a proceeding at law and not in equity, and the statute must be complied with if its benefits are to be had, . . ."

The order of the superior court is reversed and the cause remanded with directions to sustain the motion to strike the complaint and dismiss the same for want of equity.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and NIEMEYER, J., concur.