DAVID R. BOUHL *et al.*, Plaintiffs-Appellants, v. BARBARA GROSS, County Clerk of Morgan County, Defendant-Appellee (Tax Security, Inc., Intervening Defendant-Appellee).

Fourth District   No. 4—84—0768

Opinion filed May 8, 1985.

Alan W. Applebee, of Jacksonville, for appellants.

Tim P. Olson, State's Attorney, of Jacksonville (Robert V. Bonjean, Jr., Assistant State's Attorney, of counsel), for appellee Barbara Gross.

Stephen P. Schrimpf, of Alton, for appellee Tax Security, Inc.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiffs, David and Marilyn Bouhl, brought this small claims action against the clerk of Morgan County. The plaintiffs' property had been sold at a tax sale after they had failed to pay the 1981 taxes on the property. In 1983, the plaintiffs paid to redeem their property under protest. They alleged the clerk had erred in including the 1982 tax on the property plus an 18% penalty in the amount required for redemption. After a hearing, the trial court entered judgment in the plaintiffs' favor. The clerk filed a motion to reconsider, and the tax purchaser, Tax Security, Inc., filed a motion to intervene and recon-

sider. The court permitted the intervention, dismissed the plaintiffs' complaint, and entered judgment against the plaintiffs for attorney fees. The plaintiffs appeal, challenging the propriety of those three rulings.

At the heart of this lawsuit lie the following portions of section 253 of the Revenue Act of 1939:

> "Real property sold under the provisions of this Act may be redeemed at any time before the expiration of 2 years from the date of sale, \*\*\* by payment \*\*\* to the county clerk of the proper county, the amount for which the property was sold, together with the amount of the penalty bid at the sale \*\*\*. \*\*\* The person redeeming shall also pay the amount of all taxes and special assessments accruing after such sale with 18% penalty thereon, for each year or portion thereof intervening between the time of the payment of the subsequent tax or special assessment and the time of redemption, in all cases where the purchaser at the tax sale, or his assignee, pays any subsequent tax or special assessment after it has become delinquent \*\*\* and it is the duty of the county clerk to include in the certificate of deposit for redemption the amount of the subsequent taxes, special assessments, redemptions from subsequent forfeitures or tax sales, and fees of the registrar of titles and fees and costs of the clerk of the circuit court paid by the purchaser or holder of the tax certificate. The county clerk shall not be required to include any subsequent taxes, special assessments or, redemptions from subsequent forfeitures or tax sales, fees of the registrar of titles and fees and costs of the clerk of the circuit court in his certificate of deposit for redemption, nor shall the payment thereof be a charge upon the land sold for taxes, unless the purchaser, assignee, or holder of the tax certificate of sale shall have filed and have posted by the county clerk on the tax judgment, sale, redemption and forfeiture record, not less than 30 days prior to the expiration of the period of redemption, an official, original or duplicate receipt for the payment of subsequent taxes, special assessments, redemptions from subsequent forfeitures or tax sales, fees of the registrar of titles and fees and costs of the clerk of the circuit court and it shall be the duty of the tax collector, county clerk, clerk of the circuit court and registrar of titles to furnish duplicate receipts." Ill. Rev. Stat. 1983, ch. 120, par. 734.

At the annual tax sale on November 15, 1982, Tax Security was the purchaser of the subject property for the 1981 taxes and received

a certificate of purchase. On November 18, 1983, Tax Security paid the 1982 tax on the property. The plaintiffs deposited $2,608.04 with the clerk for redemption on December 12, 1983. Their receipt notes the sum was paid under protest. On January 10, 1984, the plaintiffs filed a small claims complaint against the clerk. They maintain the amount of the 1982 tax along with the 18% penalty was not a "charge" on their property because no official receipt showing payment of this tax had been filed or posted. They concluded the clerk had erred in requiring them to deposit that amount for redemption. They requested the return of $1,291.34.

During the bench trial, the court heard testimony only from the clerk and the county treasurer. The treasurer testified that a copy of the tax bill is run through a cash register to show payment of the tax. On November 18, 1983, Robert Luken of Tax Security paid taxes for a number of properties. Before the tax bills were run through the register, the treasurer's office made copies of the bills. Luken received the copies and the bills run through the register. He then filed the copies with the clerk. The clerk, who had not previously handled the posting of receipts for subsequent taxes, asked the treasurer about the procedure. He informed her that she should post the copies of the tax bills in her records. She did so, but the trial court decided the copies were not official receipts because they failed to show the payment of the tax. The court agreed with the plaintiffs that payment of the 1982 tax was not a "charge" on their property. The court, therefore, entered judgment in the plaintiffs' favor on June 9.

On July 18, the clerk filed a motion for reconsideration. The next day, Tax Security filed a motion to intervene. Tax Security alleged it had possession of the original receipt and would have presented it to the court if it had been made a party. The court allowed the intervention and ordered a new trial. After taking notice of the evidence already presented, the court dismissed the plaintiffs' complaint, ruling that it was untimely because more than 30 days remained before the redemption period would expire. The court also decided Tax Security was entitled to attorney fees under section 253 and ordered its counsel to submit an affidavit. Tax Security's attorney did so but incorrectly stated the intervenor was Beacon Finance Co. On September 11, the trial court entered final judgment and awarded "intervenor Beacon Finance Co." $420 for attorney fees.

■ The plaintiffs raise several procedural matters which must be addressed before we turn to section 253. First, the plaintiffs maintain the trial court erred in allowing Tax Security to intervene after judgment had been entered. Tax Security contends it was a necessary

party. If a person has an interest in a controversy which would be materially affected by a judgment entered in his absence, then fundamental principles of due process require his joinder. *Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 269, 398 N.E.2d 278, 283.

■ Tax Security clearly had an interest in the subject matter of this suit. A tax purchaser has a vested right in the real estate, and such right attaches on the day the property is acquired. (*Thornton, Ltd. v. Kusper* (1979), 77 Ill. App. 3d 192, 395 N.E.2d 1050.) The purchaser has no equitable or legal title in the land, for his interest extends only as far as his right to the redemption money under section 253. (*In re Application of County Treasurer* (1973), 16 Ill. App. 3d 385, 389, 306 N.E.2d 743, 747.) The plaintiffs concede Tax Security had an interest in the redemption money. By filing their complaint solely against the clerk, however, they sought to preclude Tax Security from contesting the amount required for redemption. Tax Security's right to reimbursement from the plaintiffs for payment of the 1982 tax depended on its compliance with section 253. (*Wilner v. Reynolds* (1946), 329 Ill. App. 524, 69 N.E.2d 701.) Moreover, Tax Security would have no recourse against the clerk, because taxes voluntarily paid cannot be recovered or refunded unless a statute expressly authorizes such recovery or refund. *Aldens, Inc. v. Rosewell* (1979), 71 Ill. App. 3d 754, 390 N.E.2d 476.

■ Even if Tax Security were not a necessary party, we would not reverse the trial court's exercise of its discretion under section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408). The plaintiffs assert Tax Security's motion was untimely. They rely on *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382, in which the trial court denied a petition to intervene after judgment had been entered. The appellate court affirmed, noting that the record did not indicate when the petitioner became aware of the suit and did not explain the failure to seek intervention before judgment. The plaintiffs note the same deficiencies appear in this record. Unlike Moore, the trial court here granted intervention, which indicates it found the motion timely. The question of timeliness is a matter for the discretion of the trial court. (*Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill. App. 2d 112, 122, 239 N.E.2d 492, 497.) No transcript of the hearing on the motion to intervene was made. If no verbatim transcript is available, a report of the proceedings or a bystander's report may be substituted. (87 Ill. 2d R. 323(a), (c); *Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 380 N.E.2d 529.) In the absence of a complete record, it will be

presumed that the order entered by the trial court conformed to the law and had a sufficient factual basis. Because there is no transcript, there is no basis for holding that the trial court abused its discretion. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.

■ The plaintiffs also attacked the sufficiency of the motion to intervene under the Code as well as the motions for reconsideration. The small claims rules apply to this case. (87 Ill. 2d Rules 281 through 289.) The purpose of these rules is to provide an expeditious, simplified, and inexpensive procedure for litigation of disputes involving small amounts. The rules were designed to allow *pro se* litigants an opportunity to obtain the resolution of dispute in a quick, simple, and informal manner unbridled by the technicalities and legal formalities which normally apply in a court proceeding. (*Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 333, 442 N.E.2d 318, 321.) The trial judge has a great deal of discretion in regard to the ordering of pleadings. The small claims procedure will not be simplified, inexpensive, or expedited if the rigid pleading requirements of the Code are always held to apply if the small claims rules are silent. (*Peoria Housing Authority v. Roberson* (1979), 74 Ill. App. 3d 326, 329, 392 N.E.2d 1107, 1110.) We find no abuse of discretion.

As previously indicated, the plaintiffs' suit is based on their contention that the payment of the 1982 tax is not a "charge" on their property because no official receipt was filed with the clerk. The statute requires the receipt to be filed "not less than 30 days prior to the expiration of the period of redemption." Tax Security maintains plaintiffs' suit was untimely because more than 30 days remained before the two-year redemption period would expire. The plaintiffs assert the legislature could not have intended the property owner's right to redeem to await the filing of an official receipt by the tax purchaser. They point out the statute allows them to redeem at any time within two years from the date of sale. They note the penalty on the original tax sale increases until redemption. They also complain because Tax Security received an 18% return on its 25-day investment. The plaintiffs urge a strict construction of section 253 against the tax purchaser. They conclude the period of redemption must expire upon the act of redemption.

■ The purpose of these sections of the Revenue Act is to encourage buyers at tax sales, to increase the collection of taxes and to free land to re-enter the stream of commerce and bear its share of the tax burden. (*City of Bloomington v. John Allan Co.* (1974), 18 Ill. App. 3d 569, 310 N.E.2d 437.) Generally, courts look with favor upon

redemptions from tax sales and give liberal construction to the redemption laws unless injuries to purchasers at such sale would result. *In re Application of Du Page County Collector* (1981), 98 Ill. App. 3d 950, 952, 424 N.E.2d 1204, 1207; *In re Application of County Treasurer* (1978), 57 Ill. App. 3d 550, 553, 373 N.E.2d 870, 872.

■ We reject the plaintiffs' interpretation of section 253. They are simply asking for a windfall at the expense of the tax purchaser. Section 253 formerly provided that payment of subsequent taxes was not a "charge" on the property unless the holder of the tax sales certificate filed the receipt "before redemption." (*Wilner v. Reynolds* (1946), 329 Ill. App. 524, 69 N.E.2d 701.) In 1970, however, the legislature amended the statute by substituting the phrase "not less than 30 days prior to the expiration of the period of redemption" for the phrase "before redemption." The plaintiffs now request us not only to reset the trap for the unwary which previously awaited tax purchasers under the statute, but also to encourage a race to the county clerk. Under the plaintiffs' construction, if a property owner redeems within 30 days of the date that the tax purchaser paid the subsequent year's tax, as in this case, then the purchaser could not get reimbursement for such payment. Under the Act, the tax purchaser must pay the subsequent tax in order to protect his original investment. (Ill. Rev. Stat. 1983, ch. 120, par. 747.) We cannot conclude that the legislature intended to force the tax purchaser to pay subsequent taxes with little chance of reimbursement.

We believe that portion of section 253 at issue here was enacted for the benefit of the county clerk rather than for the benefit of the property owner. The statute requires the clerk to include in the certificate of deposit for redemption the amount of subsequent taxes paid by the tax purchaser. The statute also relieves the clerk of the burden of determining whether these taxes have been paid by requiring the filing of an official receipt. We, therefore, interpret the phrase "not less than 30 days prior to the expiration of the period of redemption" to mean not less than 30 days prior to the expiration of the two-year statutory redemption period.

■ The plaintiffs maintain the trial court erred in assessing the attorney fees against them. They argue the award was improper because it was mistakenly rendered in favor of someone other than a party. More importantly, they assert the award was improper because it was not authorized by statute. Absent a statute or contractual agreement, attorney fees are not allowable to a successful party. *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859.

Tax Security points to the following portion of section 253 in sup-

port of the award:

> "Upon a finding that there has been compliance with all of the provisions of this Act and that the petitioner would be entitled to a deed in the absence of the redemption under protest, the court shall order *** the party redeeming to pay the petitioner reasonable expenses, actually incurred, including *** a reasonable attorney fee." (Ill. Rev. Stat. 1983, ch. 120, par. 734.)

Whether Tax Security was entitled to a tax deed was not at issue in this suit. In fact, Tax Security concedes it could not have even petitioned for a deed at the time judgment was entered. Tax Security maintains the premature filing of the plaintiffs' suit prevented it from being in compliance with the provisions of the Act. A statute that allows attorney fees, however, is penal in nature and should be strictly construed. It may be invoked only in cases falling strictly within its terms. *Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 425 N.E.2d 1344; *Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 421 N.E.2d 1078.

■■ Tax Security contends the award of attorney fees was proper under section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) Tax Security alleges the plaintiffs filed their complaint in bad faith. Section 2—611, however, requires the party seeking relief to establish both that statements in the pleadings were untrue and that they were made without reasonable cause. (*Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 458 N.E.2d 622.) As Tax Security has not even pointed to an untrue statement in a pleading, section 2—611 does not apply.

For the foregoing reasons, the order dismissing the plaintiffs' complaint is affirmed, but the order assessing attorney fees against them is reversed.

Affirmed in part and reversed in part.

GREEN, P.J., and TRAPP, J., concur.