E. L. Dupuy et al., Appellees, v. Mack Morse et al., Appellants.

Term No. 48010.

2

Opinion filed February 7, 1949. Rehearing denied April 18, 1949. Released for publication April 18, 1949.

PEYTON BERBLING, of Alexander, C. E. FEIRICH, of Carbondale, DOROTHY WILBOURN and D. B. REID, both of Cairo, for appellants.

CHARLES L. RICE and DEWEY & CUMMINS, all of Cairo, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Alexander county, in favor of appellees, E. L. Dupuy and Hugo Chambliss (hereinafter called plaintiffs), and as against appellants, Mack Morse, Fred Sullivan, Artie Wade, Mabel Wade, Fannie Jane Martin, Lee P. Stenzel, doing business under the name and style of Cairo Investment Company, Howard Waldschmidt, Paul S. Clutts, county clerk of the county of Alexander, Illinois, and the County of Alexander, Illinois (hereinafter called defendants), which decree, in substance, permitted plaintiffs to redeem real estate sold under the "Scavenger Act" (1947 Ill. Rev. Stat., ch. 120, par. 716a [Jones Ill. Stats. Ann. 119.732(1)]), for less than the amount for which the property was sold at the tax sale, but only for the amount which certain of the defendants paid for certificates of purchase from the county after the tax sale.

The complaint of the plaintiffs, after alleging that plaintiffs were the owners of certain real estate, sets forth that the taxes had been delinquent for ten years prior to December 1945, that a judgment was obtained

for the unpaid taxes, and notice of sale was published under the Scavenger Act, and that all of the real estate involved was sold for the ten years delinquent taxes under the Act, and was purchased by the County of Alexander through its agent, who was chairman of the county board. The amount paid by the county was the full amount of taxes, interest, and costs, as against each tract. The county collector filed the report of sale in the county court, and the sales were confirmed by the court, and certificates of purchase were issued to the County of Alexander, as the purchaser. The complaint alleges that the bid of the County of Alexander for the full amount of the taxes, interest and costs as against each tract was in excess of the fair, cash, market value of the tracts. There were charges of fraud and misconduct in the tax sale, and in the subsequent sale of the certificates of purchase, and there was also a charge that the County of Alexander, without notice, sold the certificates of purchase to certain individual defendants for amounts substantially less than the amount bid at the tax sale, and that the sale of those certificates of purchase by the county to the defendants was irregular and voidable because no notice of the sale of the certificates was given.

The plaintiffs, as owners of the property, claimed a right to redeem the real estate under the Revenue Act of Illinois (1947 Ill. Rev. Stat., ch. 120, par. 734 [Jones Ill. Stats. Ann. 119.750]). Plaintiffs alleged that they desire to redeem, and the amount for which they should be entitled to redeem is the amount for which the county actually sold the certificates of purchase, and tender was made by plaintiffs of the amount of the actual sale price of the certificates of purchase, together with subsequent taxes, interest, advertising fees, and costs. An injunction was also prayed against any individual attempting to obtain a deed on the certificates of purchase, and against the county clerk to prevent issuance of a tax deed on the application of

the individual defendants, and, likewise, requiring the county clerk to issue a certificate of redemption to plaintiffs, upon payment of the amount paid by defendants for the certificates of purchase, together with subsequent taxes, interest, advertising fees, and costs.

The answers denied the charges of fraud and wrongdoing, and admitted that plaintiffs have a right to redeem, but expressly alleged that the only amount at which plaintiffs can redeem is the amount for which the property was sold to the county at the tax sale, together with penalties, interest, and costs, as required by statute.

The cause was heard before the court, without a jury, and in a written opinion the trial court found that no fraud was intentionally committed by the board of county commissioners, the county clerk, or any of the officers of Alexander county, as charged in the complaint; that the purchase of the certificates by the county for the full amount of the taxes, penalties, and costs against the property was legal; and that the sale having been confirmed by the county court, the county, acting as trustee for the taxing districts, was the legal owner of the certificates involved in the proceeding; that the sale of the certificates to defendants was not tainted with fraud, nor was any fraud shown on part of the officers connected with the sale of the certificates.

The court then goes on to find that the plaintiffs, as owners of the several tracts described, are in equity, entitled to redeem from the sale of the tax certificates on the basis of the amount actually paid by the assignee, or purchaser of the certificates, to the County of Alexander, for the certificates of purchase, together with interest to the date of redemption, plus subsequent taxes, interest, advertising fees, and court costs; that the individual defendants are not entitled to a tax deed under the tax certificates if the plaintiffs redeem within fifteen days from the date of the decree.

The court, in the decree, granted a permanent injunction restraining the individual defendants from applying to the county court for tax deeds upon the sale certificates, and a permanent injunction was entered as against the county clerk enjoining him from executing and delivering to the other defendants, or their assignees, any tax deed or deeds upon the tax sale certificates. The clerk was also directed to issue certificates of redemption upon payment of the respective amounts paid by the defendants for the tax certificates, together with certain additional items as specified herein.

The basic issue presented on appeal in this court is simply whether or not the court erred in holding that plaintiffs were entitled to redeem upon payment of the amount paid by the individual defendants for the certificates of purchase, as assignee of the county, together with certain items of interest, subsequent taxes, advertising fees, and court costs, rather than for the amount at which the property was sold at the tax sale to the county.

It is contended by the appellants on appeal in this court, that under the Scavenger Act (1947 Ill. Rev. Stat., ch. 120, par. 716a) redemption must be made in the amount for which the property was sold at the tax sale, and that the circuit court was without power to order a redemption in violation of the terms of such statute.

The statute of the State of Illinois relating to redemptions (1947 Ill. Rev. Stat., ch. 120, par. 734) provides that, redemptions may be had before expiration of two years from the date of sale by payment of "the amount for which the same was sold," together with certain penalties, etc., and the Scavenger Act (1947 Ill. Rev. Stat., ch. 120, par. 716a) provides that, redemptions may be made from sales under the Scavenger Act, in the same manner and upon the same terms and conditions as redemptions under par. 734

*(supra),* with the exception that in lieu of penalty, the person redeeming pays interest at the rate of 1 per cent per month on the "amount for which the premises were sold" for each of the first six months or fraction thereof, and thereafter, at the rate of 6 per cent per annum. The trial court apparently felt that even though the general redemption statute required payment of the amount for which the property was sold, and even though the Scavenger Act required redemptions to be made in accordance with the general redemption statute, that the most equitable result would be to permit redemptions upon payment of the amount for which the certificates of purchase were actually sold.

While we have a great deal of sympathy for the position asserted by the circuit court, we do not believe that the circuit court was empowered to allow redemption according to the conclusion of the court as to the most equitable manner of permitting redemptions. Our Supreme Court, in *People v. Thain,* 392 Ill. 592, 598, stated that, nothing in the statute indicates that the legislature intended that grant of power in foreclosing a tax lien should include the power to legislate as to the right of redemption. As we have indicated in the course of this opinion, the statutes relating to redemption are specific. Certificates of purchase are assignable by indorsement, and the assignment vests in the assignee, or his legal representatives, all the right and title of the original purchaser (1947 Ill. Rev. Stat., ch. 120, par. 729 [Jones Ill. Stats. Ann. 119.745]). The Scavenger Act has been found to be constitutional, and the courts have indicated that the purpose of the Scavenger Act was to clean up a hopeless and difficult tax delinquency situation and place taxable property on the tax rolls again *(Schreiber v. Cook Co.,* 388 Ill. 297). Apparently, it is proper for the county to bid in at the tax sale, without payment of cash, and to apply delinquent taxes in payment of the bid.

 In common with the court below in the instant case, this court would feel motivated in many instances, and perhaps, even in the present case, to attempt to apply equitable considerations to the matter of redemptions from delinquent taxes. It is not, however, appropriate, nor within the power of courts to depart from specific legislative requirements, such as we find in the statutes relating to redemption hereinbefore referred to.

██ As stated in the case of *People v. Courtney*, 380 Ill. 171, 181, "It is the business of the Courts to construe the law in cases presented to them; it is the business of the Legislature to enact laws necessary to the welfare of the State." We cannot arrogate to the court, legislative powers which are vested in the legislative branch alone.

The decree of the circuit court of Alexander county will, therefore, be reversed, with directions to such court to proceed in the disposition of the instant case in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

BARDENS and SCHEINEMAN, JJ., concur.