(No. 43869.—)

THE PEOPLE *ex rel.* FERN CONNER, County Collector, Appellee, v. BURGESS-NORTON MANUFACTURING COMPANY, Appellant.

*Opinion filed September 30, 1971.—Rehearing denied Nov. 24, 1971.*

O'BRIEN, BURNELL, PUCKETT and BARNETT, of Aurora, ( JOSEPH H. BARNETT, and PETER K. WILSON, JR., of counsel,) for appellant.

WILLIAM R. KETCHAM, State's Attorney, of Elgin, (BRUCE R. JOHNSON, Assistant State's Attorney, of counsel,) for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

Burgess—Norton Manufacturing Company, the objector, paid its taxes for the years 1967, 1968 and 1969 under protest, and filed objections in the circuit court of Kane County to the application of the county collector for judgment against its real estate for the taxable year 1967. The circuit court overruled the objections and entered judgment in favor of the collector.

The objector is located in Geneva Township, Kane County. For the quadrennial assessment of 1963 through 1966, the board of review, acting as an equalizing authority, applied a multiplier to the original assessments made for property in Geneva Township. The objector does not question those taxes or procedures.

For the quadrennial assessment, beginning in 1967, the assessment returned by the township assessor on all commercial and industrial properties located in Geneva

Township was increased by the supervisor of assessments without notice to the taxpayers. The increased assessments were identical to those set by the board of review, by use of a multiplier, for the 1963-1966 quadrennial.

Kane County is organized on a township basis and its population is in excess of 150,000, but less than 500,000. It does not have a board of assessors. In the Revenue Act of 1939 (Ill.Rev.Stat. 1967, ch.120, par. 482 *et seq.*), the legislature has classified counties in connection with assessment procedures, according to population, and has made provisions for the counties within each classification. Section 94 of the Act (Ill.Rev.Stat. 1967, ch. 120, par. 575), provides that township assessors in counties of less than 150,000 inhabitants shall return their assessment books to the supervisor of assessments. Section 95 of the Act (Ill.Rev.Stat. 1967, ch. 120, par. 576), confers upon the supervisor of assessments "the same authority as the township assessor to assess and to make changes or alterations in the assessment of property," and does not restrict his authority to counties of less than 150,000 population.

By virtue of the provisions of section 94, the objector contends that the authority granted the supervisor of assessments under section 95 is limited to counties of less than 150,000 inhabitants; that Kane County, which has a population in excess of 150,000 and less than 500,000 is, therefore, not subject to the provisions of section 95; and that since section 94 contains the only statutory provision which requires that the assessment books be returned to the supervisor of assessments, the supervisor of assessments was not lawfully possessed of the assessment books, and his assessment of the property in question was void. The objector further argues that its interpretation is reinforced by section 100 of the Act (Ill.Rev.Stat. 1967, ch. 120, par. 581), which provides that in counties of less than 500,000 population, the assessment books shall be returned to the

board of review, and not to the supervisor of assessments. The objector insists that the board of review or board of assessors are the only ones authorized by section 100 of the Act to change the assessment books returned by the township assessors in counties of more than 150,000 inhabitants, and that the township assessors have no authority to give possession of their books to anyone other than the board of review. Under this interpretation of the applicable statutes, the objector argues that the action of the Kane County supervisor of assessments in increasing its taxes was void.

Although we recognize that the objector has correctly identified a statutory ambiguity, we believe that its interpretation of the sections of the act in question is erroneous. In *People ex rel. Bell v. New York Central R.R. Co., 10 Ill.2d 612, at page 621,* we stated: "It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but statutes *in pari materia* should be construed together." Also see: *People ex rel. Krapf v. Hayes, 13 Ill.2d 143, 147.*

Statutes imposing taxes and providing means for their collection should be strictly construed insofar as they may operate to deprive a citizen of his property by summary proceedings, or to impose penalties or forfeitures upon him; otherwise, tax laws should be given a reasonable construction in order to carry out the intention of the legislature and the long range objective of all tax measures —the accomplishment of good for the social order. See: *People ex rel. Manifold v. Wabash Ry. Co., 386 Ill. 149, 152; People ex rel. Gill v. South Dearborn St. Corp. 363 Ill. 286, 289.*

The various sections of the Revenue Act indicate that the legislature intended that the assessment procedure for counties having less than 150,000 inhabitants and for counties having more than 150,000, but without a board

of assessors, should be identical. Section 2, which creates the office of county supervisor of assessments (Ill.Rev. Stat. 1967, ch. 120, par. 483), expressly refers to counties having less than 150,000 inhabitants and to counties having a population of more than 150,000 but less than 500,000, "and in which no board of assessors has heretofore been elected." Kane County falls within the latter classification.

The remaining sections of the Act, which are concerned with the role of the township assessors and the supervisor of assessments, clearly indicate that in all respects the legislature intended to create the same relationship in counties having less than 150,000 inhabitants and in counties having more than 150,000 but without a board of assessors.

Section 3a of the Act (Ill.Rev.Stat. 1967, ch. 120, par. 484a) provides that the office of supervisor of assessments in counties containing less than 500,000 inhabitants, and not having an elected board of assessors, shall be filled by appointment by the county board. Here no distinction is made between counties of less and more than 150,000 in population.

Section 100 of the Act (Ill.Rev.Stat. 1967, ch. 120, par. 581) provides that in counties having a population of less than 500,000 inhabitants "the assessor, board of assessors or supervisor of assessments, as the case may be, shall *** return the assessment books to the board of review ***." Here again no distinction is drawn between counties of less and more than 150,000 in population.

In *Deal v. Nelson, 43 Ill.2d 192,* we recognized the authority vested in the supervisor of assessments by virtue of section 95 of the Act (Ill.Rev.Stat. 1967, ch. 120, par. 576) as it pertains to counties of more than 150,000 in population and we here take judicial notice that Peoria County has such population. *(Coal Creek Drainage and Levee District v. Sanitary District of Chicago, 336 Ill. 11,*

*26.)* In *Deal,* the county board of Peoria County contracted with a professional appraisal firm to establish a property record system. When the assessment books and records were completed and delivered to the township assessors, they were told not to make any changes in the books, but to sign forms indicating that they had made the assessments. Sixteen of the twenty assessors in Peoria County refused to sign the forms. Nevertheless, the supervisor of assessments, after making a few changes, published the appraisals as assessments made by him. In upholding this procedure against constitutional attack, we stated, at page 196, "the supervisor of assessments was acting within constitutionally valid statutory authorization when he made the assessments against the property without the benefit, in many instances of the prior independent assessment of the township assessor."

After considering the relevant sections of the Revenue Act, we find that the procedure followed by the Kane County supervisor of assessments, in increasing the objector's taxes for the quadrennial assessment beginning in 1967, was constitutionally valid and within the authority of the Act.

The objector has also challenged the right of the supervisor of assessments to increase the taxes upon an entire class of property—commercial and industrial—within the township in that such increase was not accomplished "as the General Assembly shall direct," and it violated sectio. 1 of article IX of the Illinois constitution. Howev ·, under the authority of *Deal v. Nelson, 43 Ill.2d 192, 195, 196, People ex rel. Needham v. Abbott Estate, 47 Ill.2d 491,* and section 95 of the Revenue Act (Ill.Rev.Stat. 1967, ch. 120, par. 576), and in conformity with the construction here given the applicable sections of the Revenue Act, we find no merit in this contention.

The collector contends that the objector is barred from seeking judicial review of the assessments for 1968 and 1969, since it failed to seek relief before the board of

review in accordance with section 108(4) of the Revenue Act (Ill.Rev.Stat. 1967, ch. 120, par. 589(4)). In view of our holding here, we find it unnecessary to decide this issue.

Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*