ALLSTATE ENTERPRISES STOCK FUND, INC., Plaintiff-Appellee, *v.* JOHN W. LEWIS, Secretary of State, *et al.*, Defendants-Appellants.

Fourth District No. 13020

Opinion filed January 8, 1976.—Rehearing denied March 24, 1976.

William J. Scott, Attorney General, of Chicago (Ann Plunkett Sheldon, Assistant Attorney General, of counsel), for appellants.

Hopkins, Sutter, Mulroy, Davis and Cromartie, of Chicago, and Barber & Barber, of Springfield (Jeremiah Marsh, Frank P. Vanderploeg, William A. Cromartie, and Alton G. Hall, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Allstate Enterprises Stock Fund, Inc., a foreign corporation, filed suit against the defendants to recover $268,083.96 paid under protest for additional franchise taxes, license fees and penalties for 1970. The suit involved questions of interpretation of the sections of the Illinois Business Corporation Act which imposed the fees and taxes. The trial court found that the Secretary of State had erred in computing the money due by using the 100% method and that a proportional basis should have been used. We reverse.

The issues are: (1) Whether the purported election, in plaintiff's "Application for a Certification of Authority," to be assessed the franchise tax on a 100% basis, was effective; and (2) whether plaintiff waived the right to have additional franchise taxes and license fees for 1970 imposed on a proportional basis.

On January 19, 1970, plaintiff filed an "Application for Certificate of Authority of Foreign Corporation," with the Illinois Secretary of State's office. Several questions on the application ask for information about the value of property and amount of business transacted in Illinois compared with out-of-State property and business. The purpose of the questions is to allow computation of francise taxes only upon the amount of business activity conducted within the State of Illinois. The method of imposing

a tax only on the proportion of activity in Illinois is the method used unless the taxpayer elects otherwise.

Plaintiff chose not to answer these questions. Instead it stated: "The Corporation elects to pay its franchise tax upon the sum of the entire stated capital and surplus." The Secretary of State issued a "Certificate of Authority" to plaintiff on February 3, 1970.

On February 5, 1971, plaintiff filed with the Secretary of State an "Amended Application for Certificate of Authority of Foreign Corporation." This application was backdated to January 19, 1970. In that application plaintiff answered the questions which it had elected not to answer the first time. An Amended Certificate was issued by the Secretary on February 10, 1971. On February 18, 1971, plaintiff filed those reports required by statute concerning the changes in the capital structure of the corporation. These reports were resubmitted on March 10, 1971, with corrections not at issue in this case. Additional franchise taxes and license fees were owed to the State because of these changes. Plaintiff tendered an amount computed by means of the proportional method set out in sections 136 and 139 of the Business Corporation Act. (Ill. Rev. Stat. 1969, ch. 32, §§157.136, 157.139.) The Business Corporation Act will be hereinafter referred to as the Act.

On March 19, 1971, the Secretary of State informed plaintiff that the additional taxes and fees must be computed upon a 100% basis, the method elected in plaintiff's original application. The Secretary believed that because the original certificate of authority was in effect on the date the changes occurred, the method elected in the application of that certificate must be applied. On February 28, 1972, plaintiff paid $283,-671.43 under protest. Plaintiff filed suit in the Circuit Court. The trial court entered judgment in favor of plaintiff. Defendants have appealed.

The first question to be considered is whether plaintiff's election in the 1970 Application for Certificate of Authority to be taxed upon a 100% basis was an effective election. The pertinent sections of the statute imposing franchise taxes and license fees are sections 136 and 139 of the Illinois Business Corporation Act.

■■ In regard to interpretation of taxing statutes, the Supreme Court has said:

> "Statutes imposing taxes and providing means for their collection should be strictly construed insofar as they may operate to deprive a citizen of his property by summary proceedings, or to impose penalties or forfeitures upon him; otherwise, tax laws should be given a reasonable construction in order to carry out the intention of the legislature and long range objective of all tax measures—the accomplishment of good for the social order.

[Citations.]" *People ex rel. Conner v. Burgess-Norton Manufacturing Co.*, 49 Ill.2d 397, at 400, 275 N.E.2d 403.

Section 139 of the Act provides in pertinent part:

"(a) If the corporation elects in its annual report in any year to pay its franchise tax upon the sum of its entire stated capital and paid-in surplus, all franchise taxes accruing against the corporation after the filing of said annual report shall be assessed accordingly, until the corporation elects otherwise (1) in a subsequent annual report filed on or before June 25 of said year and before payment of its annual franchise tax or supplemental annual franchise tax, or (2) in an annual report for a subsequent year.

(b) If the corporation fails to file its annual report in any year within the time prescribed by this Act, the proportion of the sum of its stated capital and paid-in surplus represented in this State shall be deemed to be the sum of its entire stated capital and paid-in surplus, unless its annual report is thereafter filed and its franchise taxes are thereafter adjusted by the Secretary of State in accordance with the provisions of this Act ＊ ＊ ＊."

Plaintiff did not file an annual report for 1970, nor was it required to do so by statute, because it had not been in business long enough to be required to file the report. (Ill. Rev. Stat. 1969, ch. 32, §157.115.) The Act does not specifically provide that the election which can be made in an annual report can also be made in the application for a "Certificate of Authority." That such an option is permissible is a reasonable construction of the statutes involved.

The method of assessing both franchise fees and license taxes upon a proportional basis is contained in section 136 of the Act. That section provides in part:

"The proportion represented in this State of the sum of the stated capital and paid-in surplus of a foreign corporation shall be determined from information contained in the latest annual report of the corporation on file on the date the particular increase in stated capital and paid-in surplus is shown to have been made, or, if no annual report was on file on the date of said increase, from information contained in the application of the corporation for a certificate of authority to transact business in this State ＊ ＊ ＊."

■■ Section 139(a) provides that the franchise tax and license fees will be determined on an apportioned basis according to the information in the annual report. In an annual report the taxpayer can omit the information requested and be taxed on a 100% basis. Section 136 provides that if no annual report is on file, the determination will be calculated

from the information in the application for a certificate of authority to transact business in the State. Section 139(b) states that if the information required to determine an apportioned tax is not on file in an annual report the tax will be imposed on the sum of the entire stated capital and surplus. The same result must follow if the only information on file is in the application for a certificate of authority. The same election can therefore be made in the application as could be made in an annual report. The same information is requested from the annual report and the application. The clear intent is to provide a corporation, for whatever reasons, the election to be taxed on a nationwide basis. To hold otherwise would be to construe the statute to mean that the legislature intended to afford the election to a foreign corporation authorized to do business for more than one year but to deny the election to a corporation which was not yet required to file an annual report, even though the taxes are imposed for the same fiscal year.

■■ If the election made in the application is permissible, then the Secretary of State properly assessed the annual franchise taxes upon a 100% basis. The next question is whether that election is effective in regard to the additional franchise taxes and license fees assessed for 1970. Section 136 of the Act requires that the monies due be assessed according to the information on file on the date of the increase, the information in the annual report or the application for certificate of authority if there is no annual report. The case of *United States Borax & Chemical Corp. v. Carpentier*, 14 Ill. 2d 111, 150 N.E.2d 818, makes clear that, although later reports may provide the figures to be used in assessing the amount due, the method to be used is that method elected by the plaintiff and on file on the date the increases in stated capital and paid-in surplus took place. At the time of the increases in the case at bar, the only filing was the application for Certificate of Authority.

Plaintiff argues that its amended application for Certificate of Authority which was backdated to January 19, 1970, and filed February 5, 1971, was effective to change the election. The amended Certificate was issued by the Secretary of State as of February 10, 1971. We can find no statutory or case authority which holds that an amended certificate of authority operates retroactively. Plaintiff cites section 114 of the Act (Ill. Rev. Stat. 1969, ch. 32, §157.114). That section states that the effect of an amended certificate shall be the same as an original. The statute in no way implies a retroactive nullification of the original.

■■ Plaintiff argues that the method of assessment used by the Secretary of State violates the commerce clause and due process clause of the United States Constitution. Citation is unnecessary to support the proposition that the State could not constitutionally impose taxes and

fees for property located outside the State and business transacted outside Illinois. However, as with all constitutional rights, this right can be waived. (*United States Borax & Chemical Corp. v. Carpentier.*) The statute provides the corporation with alternatives. It can disclose the information so that the taxes can be assessed on a proportional basis or it can elect to be taxed on a nationwide basis. Since it is only at the option of the corporation that a tax or fee is imposed for activity and property outside Illinois, the statute is constitutional. (*United States Borax & Chemical Corp. v. Carpentier.*) Clearly plaintiff was aware of its alternatives, since plaintiff, in its original application stated that it elected to pay its franchise tax upon the entire stated capital and paid-in surplus and omitted the information which would have been necessary to make a proportional assessment. We find this a clear and voluntary waiver, binding on plaintiff.

For the reasons stated above, the judgment of the circuit court of Sangamon County is reversed.

Judgment reversed.

CRAVEN, P. J., and GREEN, J., concur.