*In re* APPLICATION OF COUNTY COLLECTOR.—(JAMES CLARKE, County Collector of Du Page County, Appellee, *v.* LaGRANGE BANK, Trustee, Appellant.)

Second District   No. 77-266

Opinion filed March 20, 1978.

Jack Uretsky, of Hinsdale, and Ruff & Grotefeld, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Kevin Bowen, Assistant State's Attorney, of counsel), for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

On November 29, 1976, and December 3, 1976, the trial court granted the application of the collector of Du Page County for judgment for unpaid 1975 real estate taxes. The LaGrange Bank as trustee under its Trust 1713 had previously paid the real estate taxes due on the trust property under protest. However, the trustee allegedly inadvertently failed to see the collector's notice published on November 3 and 4, 1976, notifying taxpayers of the date of the application for judgment. On December 27, 1976, the objector moved the trial court to permit late filing of its objections. The trial court denied the motion and the objector appeals.

The parties agree that the issues are controlled by the case of *People ex rel. Reid v. Adkins*, 48 Ill. 2d 402 (1971), as related to the vacating of a default judgment within 30 days pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)). They disagree, however, as to the application of the opinion.

The objector contends that the overriding consideration under section 50(5) is whether or not substantial justice is being done and whether under the circumstances it is reasonable to compel the other party to go to trial on the merits. The collector contends that the elements of a meritorious defense and a good excuse while no longer a necessary precedent to the right to vacate a default judgment within 30 days, are still factors which the trial court can weigh in its discretion, citing *Nixon v. Harris*, 31 Ill. App. 3d 204 (1975); and argues that no showing of abuse of discretion has been shown.

■■ The statutory remedy provided to an owner who seeks to show that a tax is unauthorized by law or is levied upon exempt property is to pay the tax under protest and to file an objection to the application for judgment. (Ill. Rev. Stat. 1975, ch. 120, pars. 675, 716. See also *North Pier Terminal Co. v. Tully*, 62 Ill. 2d 540, 549 (1976).) The owner performed the first of these conditions but was not timely in seeking to file his objection to judgment. In the less than 30 days following the date of judgment, the record does not show that the collector would have been prejudiced in these circumstances by the vacating of the default judgment as to the property in question so as to permit the owner to file a meritorious objection and to prove his entitlement to relief on the merits if he can. But the taxpayer may otherwise be deprived of substantial justice.

■■ The default judgment should have been vacated upon it

appearing that no particular hardship or prejudice would result if the collector were required to defend on the merits and that such adjudication is required to do substantial justice between the litigants. *People ex rel. Reid v. Adkins*, 48 Ill. 2d 402, 406-07 (1971). See also *Patrick v. Burgess-Norton Manufacturing Co.*, 63 Ill. 2d 524, 531-32 (1976); *Columbus Savings & Loan Assn. v. Century Title Co.*, 45 Ill. App. 3d 550, 554 (1977).

The judgment is therefore reversed and the cause remanded with directions to permit the filing of objections to judgment in accordance with the applicable statute within a time to be set by the trial court which will thereafter proceed to a hearing on the merits, if any, of the objections.

Reversed and remanded with directions.

BOYLE and NASH, JJ., concur.