AMERICAN MEDICAL ASSOCIATION, Plaintiff-Appellant, v. EDWARD J. ROSEWELL, County Treasurer and *ex officio* County Collector of Cook County, *et al.,* Defendants-Appellees.

First District (1st Division)  No. 1—91—0489

Opinion filed September 14, 1992.—Rehearing denied December 1, 1992.

Sidley & Austin, of Chicago (George A. Platz, J. Douglas Donenfeld, Lisa A. Hausten, and Sheila A. Sundvall, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Daniel E. Cannon, and Marie E. Smuda, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

The plaintiff-appellant, the American Medical Association (hereafter the AMA), a private, voluntary, not-for-profit professional association, petitioned the circuit court for a permanent injunction seeking to prohibit the county assessor from back taxing its property for the latter three quarters of the 1982 tax year. The circuit court dismissed the complaint for injunctive relief for failure to state a cause of action.

The property is commonly known as block 124 and is bounded by Illinois Street on the south, Rush Street on the east, Grand Avenue on the north, and Wabash Avenue on the west. On January 1, 1982, the property was owned by the City of Chicago and marked exempt on the list of assessed property. The property was exempt from taxation pursuant to section 19.6 of the Revenue Act of 1939, which exempts all property owned by municipalities. (Ill. Rev. Stat. 1981, ch. 120, par. 500.6.) Pursuant to a real estate sale on March 29, 1982, the property was conveyed to the AMA for a nonexempt use. The AMA recorded the deed with the recorder of deeds office on March 29, 1982.

The AMA did not receive a tax bill on the property for the 1982 tax year; however, commencing with tax year 1983, the county assessor eliminated the "exempt" status and fully assessed the property. Thus, beginning with the 1983 tax year and for all subsequent years in which the AMA owned the property, the assessor fully assessed the property and the AMA paid all real estate taxes assessed and levied against it.

By notice dated February 8, 1990, the assessor in 1989 certified a 1982 back-tax assessment on the property as omitted property under section 220 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 701), for the period during 1982 when AMA owned the property. Per the 1982 back-tax assessment, the clerk extended general real estate taxes and the collector issued corresponding back-tax bills on the property to the AMA in the principal amount of $404,288.64, plus statutory interest in the amount of $121,286.58.

The back-tax bills provided that payment was due August 30, 1990. However, instead of paying the back taxes, the AMA filed the instant action on August 30, 1990, to enjoin the collection of the taxes. In the verified complaint for injunctive relief, the AMA alleged that the assessor had no authority to assess a back tax except where the property has been "omitted" within the meaning of section 220 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 701), and since the property here was listed as exempt for the entire 1982 tax year, the back-tax assessment was illegal. The AMA primarily relied on the Illinois Supreme Court decision rendered in *People ex rel. Harding v. Atwater* (1936), 362 Ill. 546, for the proposition that property listed as "exempt" in the assessment books is not "omitted" property.

Defendants, Edward J. Rosewell, county treasurer and collector of Cook County, Illinois (hereafter defendant or Collector); Stanley Kusper, county clerk of Cook County, Illinois (hereafter defendant or Clerk); Thomas C. Hynes, county assessor of Cook County, Illinois (hereafter defendant or Assessor); and the County of Cook (hereafter defendant or County) filed a section 2—615 (Ill. Rev. Stat. 1981, ch. 110, par. 2—615) motion to dismiss the verified complaint for failure to state a cause of action and failure to state a cause of action for which equitable relief can be granted. Defendants asserted that the property was not listed as exempt for the applicable assessment period within the meaning of *Atwater*. In the motion to dismiss, defendants specifically contended that the tax status of property is normally established as of January 1. They asserted, however, pursuant to section 27a of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, 508a), property which is transferred from a use exempt from taxation to a non-exempt use is made subject to taxation *from the date of purchase or conveyance*.

Defendants thus made the argument below and on appeal that the relevant assessment period is not the entire year of 1982 dated from January 1, but rather is "that part of the year" dated from the AMA's acquisition of the title on March 29, 1982. Defendants further assert that the AMA's complaint for injunctive relief fails to allege

facts sufficient to state a cause of action for which equitable relief can be granted.

■ First, we note the generally accepted rule that an adequate remedy at law bars equitable relief. (See *Finn v. Tucker* (1980), 81 Ill. App. 3d 1038, 402 N.E.2d 358.) This rule is particularly appropriate in tax cases because the legislature has created a statutory procedure whereby taxpayers can challenge their tax assessments by paying under protest. (Ill. Rev. Stat. 1981, ch. 120, pars. 675, 716.) There are, however, two exceptions to the general rule: (1) the tax is unauthorized by law, or (2) the tax is levied upon exempt property. Here, the AMA raised both exceptions in its verified complaint by challenging the Assessor's power to levy the back tax (see *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 548, 343 N.E.2d 507), and by claiming that the back tax was assessed against "exempt property." Thus, we conclude the trial court was correct in entertaining the AMA complaint for injunctive relief based upon the grounds for relief alleged therein. However, the key issue here is whether the circuit court properly concluded that the Revenue Act authorizes the Assessor to back tax the subject property which had been marked exempt for tax year 1982.

We answer in the affirmative. We affirm the decision of the circuit court of Cook County and agree that the Assessor was authorized pursuant to the Revenue Act of 1939 to back tax in 1989 property which had been marked exempt for 1982.

Section 220 of the Revenue Act, as it provided during the instant lawsuit, states in relevant part:

> "If any real or personal property is omitted in the assessment of any year or number of years, so that the taxes thereon, for which such property was liable, have not been paid, or if any such property, by reason of defective description or assessment thereon, fails to pay taxes for any year or years, in either case the same property, when discovered, shall be listed and assessed by the board of review or, in counties having a board of appeals, by the assessor either in his own initiative or when so directed by the board of appeals. *** All such property shall be placed on the assessment and tax books. The arrearages of taxes which have been assessed, with 10% interest thereon for each year or portion thereof from 2 years after the time the first correct tax bill ought to have been received shall be charged against such property by the county clerk."
> (Ill. Rev. Stat. 1981, ch. 120, par. 701.)

Section 27a provides in relevant part:

"The owner of real property on January 1 and the owner of personal property on April 1 in any year shall be liable for the taxes of that year.

\* \* \*

The purchaser of real property on January 1 shall be considered as the owner on that day. The purchaser of personal property on April 1 shall be considered as the owner on that day. Provided, however, that whenever a fee simple title or lesser interest in real property is purchased, granted, taken or otherwise transferred for a use exempt from taxation under this Act, such property shall be exempt from taxes from the date of the right of possession, payment or deposit of the award therefor, and whenever a fee simple title or lesser interest in real estate is purchased, granted, taken or otherwise transferred from a use exempt from taxation under this Act to a use not so exempt, such property shall be subject to taxation from the date of purchase or conveyance. In such cases the county collector is authorized to issue a tax bill to the person holding title to the property in that part of the year during which it was not exempt from taxation for such part of the year and to accept payment of such bill as full and final settlement of tax liability for the year involved." (Ill. Rev. Stat. 1981, ch. 120, par. 508a.)

Both section 220 and section 27a must be read *in pari materia*. Generally, section 220 provides for a back-tax procedure for omitted property and defective description property. Section 27a establishes the date and formula for assessing liability of taxes and provides that the owner of real property on January 1 shall be liable for that year's taxes.

Specifically, section 220 authorizes the property to be subject to taxation from the date of purchase, that a tax bill shall issue to the person holding title to the property for that portion of the year not so exempt, and that the property is to be treated as omitted property for that portion of the year. However, section 27a provides an exception to the section 220 rule and provides where property passes from an exempt use to one which is not exempt after January 1 of a given year, the property shall be assessed for that partial year period commencing with the date of the transaction. The AMA argues that under *Atwater*, once property is listed as exempt, it may not be reassessed and cannot be regarded as omitted property. However, we believe the facts of this case are distinguishable from *Atwater*. In that case, the Assessor sought to reclassify property as omitted for an entire year when it had already been assessed as exempt. There was no

change of ownership resulting in a status change. In the present case, a change of ownership occurred resulting in a change of status from exempt to nonexempt after January 1. Thus, *Atwater* does not address the present factual matrix; however, section 27a governs the instant matter.

■ Here, the property was properly marked exempt on January 1 since the City of Chicago was the owner. However, as a result of the change of ownership due to the AMA's purchase of the property on March 29, 1982, the property was no longer exempt from the date of purchase. Thus, under section 27a the AMA became subject to tax liability beginning March 29, 1982. The Assessor, then, was authorized to assess the property as of March 29, 1982, and issue a tax bill to the AMA. Section 27a mandates that where real estate is purchased or otherwise transferred from a use exempt from taxation to a use nonexempt, *such property shall be subject to taxation from the date of purchase or conveyance.*

Accordingly, we conclude that the trial court correctly dismissed the AMA's complaint for injunctive relief for failure to allege sufficient facts to state a cause of action for which relief could be granted.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.